**In re Belinda ORTIZ Debtor(s).**

**No. 06–50216.**

United States Bankruptcy Court, S.D. Texas, Laredo Division.

Nov. 20, 2006.

Argentina Cronfel–Meurer, Cronfel–Meurer PC, Laredo, TX, for Debtor.

***ORDER GRANTING MOTION(S) TO RECONSIDER (doc # 24, 25) CORRECTING CLERICAL ERROR IN PRIOR ORDER (doc # 21), BUT DECLINING TO CHANGE THE RESULT OF PRIOR ORDER***

WESLEY W. STEEN, Bankruptcy Judge.

Debtor filed a motion (docket # 24) and an amended motion (docket # 25) (collectively referred to as the motion) to reconsider the Court's order denying imposition of a stay under § 362(c)(4) (docket # 21). The motion to reconsider is granted to the extent that the Court gives written reasons for the prior order and corrects a clerical error in the order, but denied with respect to Debtor's request to change the result of the order.

### MOTION NOT TIMELY FILED

■ First, the motion was not filed timely. The motion denying imposition of a stay was issued October 25 and the motion to reconsider was not filed until November 9.

### MOTION DENIED ON THE MERITS

The motion is also denied on the merits. Debtor asks the Court to reverse its decision of October 25 and to impose the automatic stay to prohibit Ford from repossessing Debtor's car. The motion asserts that the Court applied the wrong legal standard to the evidence presented at the hearing on October 25. The Court has listened to the recording of the hearing and declines to change the result of its ruling for the following reasons.

### 1. Controlling law.

One of the most powerful features of the Bankruptcy Code since its enactment in 1978 has been § 362 which effects an automatic stay of all creditor collection effort immediately upon the filing of a bankruptcy petition. Prior to BAPCPA,[1] the stay came into effect regardless of how many bankruptcy petitions the debtor had filed and regardless of how frequently the debtor had filed bankruptcy petitions. The stay came into effect even if a similar stay had been terminated in another case that was still pending. Reacting to criticism of alleged abuse, Congress enacted BAPCPA, effective October 16, 2005, which amended § 362 to add § 362(c)(3) and (4). Those subsections limit the availability of the automatic stay for debtors who were protected by a stay in a previous case or cases that were pending within the 12 months prior to commencement of the current case. The statute provides that if one prior case was pending within that period, the stay comes into effect when the bankruptcy petition is filed but terminates 30 days later unless the court extends the stay. If the debtor was a petitioner in two or more bankruptcy cases that were pending within the prior 12 months, the stay does not come into effect at all unless the court affirmatively imposes the stay by order issued after hearing.

### 2. The facts and the law applicable to this case.

The Debtor filed this bankruptcy case ("Third Case") on September 28, 2006. Therefore the BAPCPA amendments apply.

■ Debtor was a petitioner in two bankruptcy cases within the year prior to filing this case.[2] Therefore section 362(C)(4)(A)(i) applies in this case to deny automatic imposition of the § 362 stay.

Section 362(c)(4)(B) provides that the Court may impose the stay if (1) the debtor requests the Court to do so, (2) the request is made within 30 days after the petition was filed, (3) notice is given to parties in interest and a hearing is held, and (4) the movant proves that the filing of the current case is in good faith as to the parties to be stayed.

■ Section 362(c)(4)(D) provides that there is a statutory presumption that the latest case was not filed in good faith under certain circumstances. If the statutory presumption applies, then a debtor must prove good faith by clear and convincing evidence. The statutory presumption *arises as to all creditors* if (I) the debtor has been a debtor in two or more

---

1. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, 119 Stat. 23 (2005) (codified as amended at 11 U.S.C. §§ 101–1532).

2. Debtor's motion for imposition of the stay, docket # 9, paragraph 2.

cases within the previous 12 months,[3] (II) the court dismissed the previous case for failure to file or to amend documents, the debtor failed to provide adequate protection to a secured creditor as ordered by the court, or the debtor failed to perform according to the terms of a confirmed plan, or (III) there has not been a substantial change in personal or financial circumstances or there is not another reason to believe that the debtor will get a bankruptcy discharge in the current case. In addition, the statutory presumption *arises as to a secured creditor* if that creditor filed a motion to lift the stay in a previous case and the motion was still pending when the case was dismissed or the motion was resolved by a court order terminating, limiting, or conditioning the stay. It is critical to note that these criteria are not determinative of whether the Court imposes the stay. Section 362(c)(4)(B) governs imposition of the stay. This subparagraph simply deals with whether there is a statutory presumption that the case was not filed in good faith, and derivatively of that determination, whether "good faith" for purposes of subparagraph (B) must be proved by clear and convincing evidence or by a preponderance of the evidence.

On timely motion of the Debtor, after notice, the Court held a hearing on October 25, 2006, and concluded that the filing of the current case was not in good faith. Therefore the Court denied imposition of the automatic stay. The Court found and considered the following facts.

First, Debtor had already, unsuccessfully, been in bankruptcy for almost two years in two separate cases, when the current case was commenced. Debtor commenced case # 04–50502 ("First Case") in December, 2004. The Court dismissed Debtor's First Case on April 26, 2006, because Debtor failed to make payments to the Trustee as required by her chapter 13 plan. The docket sheet indicates that Debtor was three months, $1,751, delinquent when the case was dismissed.

Debtor commenced case # 06–50107 ("Second Case") on June 1, 2006, about five weeks after dismissal of the First Case. The docket sheet shows that Debtor failed to file her bankruptcy schedules, statement of financial affairs, and chapter 13 plan timely as required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The chapter 13 Trustee moved to dismiss the case for (i) Debtor's alleged failure to comply with the provisions of the Bankruptcy Code and with the Court's rules for providing adequate protection to the automobile lender, (ii) Debtor's alleged failure to file an adequate chapter 13 plan, and (iii) Debtor's alleged failure to make payments to the chapter 13 Trustee. (*See* docket # 19). The Debtor never filed a response to the Trustee's motion to dismiss. However, the Debtor did file amended schedules and an amended chapter 13 plan (docket # 21, 22). The § 341 creditor's meeting was held August 23, 2006,[4] but Debtor did not appear at that meeting as she is required to do.[5] The chapter 13 Trustee amended his motion to dismiss to allege the following additional grounds for dismissal of the case: (iv) failure to attend the creditors' meeting, (v) failure to file all information required by the Bank-

---

3. Subparagraph 362(c)(4)(D)(i)(I) appears to be duplicative of § 362(c)(4)(A)(i). There does not seem to be any good resolution of this apparent surplusage: *see In re Toro–Arcila,* 334 B.R. 224 (Bankr.S.D.Tex.2005) and *In re Whitaker,* 341 B.R. 336 (Bankr.S.D.Ga.2006).

4. The docket sheet indicates that the meeting was held August 28. The Court believes that this was the day that the docket entry was made, not the date of the meeting.

5. Bankruptcy Code § 343.

ruptcy Code, and (vi) failure to file the required credit counseling certificate.

■ A hearing on the Trustee's motion to dismiss was held September 20, 2006. The Trustee testified that the Debtor had failed to attend the creditors' meeting and that the Trustee had received no payments from the Debtor between June 1 (when the case was filed) and the date of the hearing. The Bankruptcy Code required payments to begin not later than July 1.[6] Debtor testified that payments had not been mailed until about September 15 or 18. The Trustee called the Court's attention to the Debtor's statement of monthly income (Bankruptcy Schedule I) which showed that Debtor had no monthly income.[7] Amended schedules filed August 17 showed that Debtor had about $2,200 in regular monthly income. The chapter 13 Trustee also pointed out to the Court that Form B22C filed August 17 contradicted the form filed July 10, and the Trustee argued persuasively that the proper conclusion to draw from the conflicting forms was that Debtor had failed to make reasonable effort and to take reasonable care in the submission of the documents and had failed to meet statutory requirements.[8] Willful failure to attend a creditors' meeting requires dismissal of the case *with* prejudice.[9] Even though Debtor had testified that she returned to full time work at the end of August, the Court gave Debtor the benefit of the doubt and dismissed the case without prejudice on the assumption that the failure to attend the creditors' meeting was not willful.[10]

Debtor's Third Case (the current case) was filed September 28, 2006, (a week after dismissal of the Second Case) after Ford Motor Credit repossessed Debtor's car. In docket # 9, Debtor's motion to stay Ford from exercising its right to keep the repossessed car, Debtor asserts that "In the Second Case debtor was unable to attend the creditors [sic] meeting due to health problems that lead [sic] her to be hospitalized in Mexico." The motion also alleges that Debtor was unable to make payments because of her illness and because she did not have steady income prior to obtaining her current job.

At the hearing on October 25, Debtor was exceptionally vague about the dates of her illness, the dates of her trip to Mexico, the dates of her medical treatment, and the date of her return to the United States. Eventually, Debtor testified that she became ill at the end of May, and went to Mexico in early June for treatment. Her medical procedure was performed about June 20 and she returned to Laredo *prior to* August 15. She worked with counsel and signed her amended bankruptcy schedules and plan in her second bank-

---

**6.** Bankruptcy Code § 1326(a)(1) requires a debtor to commence payments to the chapter 13 trustee within 30 days after a plan is filed or the order for relief (the petition date in this case.) Timely payments are particularly important in this case since the statute requires immediate adequate protection payments to the vehicle lender, Ford, and the Court's procedures provide for these adequate protection payments to be made by the trustee from timely payments under the plan.

**7.** Bankruptcy Code § 109(e) provides that a person is not eligible to file a chapter 13 petition unless that person has "regular income".

**8.** Debtor testified that she was too ill to prepare valid documents in July, but there was no explanation of inability to prepare the documents in June. Regardless, the Court was required to dismiss a case in which chapter 13 payments had not been made.

**9.** Bankruptcy Code § 109(g)(1).

**10.** Although, as explained below, subsequent testimony causes the Court to question Debtor's candor.

ruptcy case which her counsel then filed for her on August 17. It was clear from the testimony that Debtor was able to travel back to the United States and to work with her attorney prior to August 17, almost 2 months after her medical procedure. At the dismissal hearing on September 20, Debtor testified that she had returned to full time employment in the last week of August. Debtor did not explain why she could do those things but could not attend her creditors' meeting on August 23.

Debtor made no payments to the chapter 13 Trustee(s) from approximately January, 2006,[11] until about mid-September, 2006. Debtor testified that she paid the Trustee (in the Second Case) $1,500 on September 15 & 18, but she also testified that she had to borrow the money to make those payments. She did not have sufficient funds available from earnings and net disposable income and she did not explain how she was going to repay that debt. Notwithstanding the fact that Debtor did not have enough money to make payments on the car from January through September, she nevertheless kept and used the car. The thrust of Debtor's motion asking the Court to institute the automatic stay is that Debtor's financial situation substantially improved between dismissal of her Second Case on September 20 and the filing of her Third Case on September 28, 2006. The only evidence in support of that contention is Debtor's bald statement that her health had improved and that she started a new, good job, at the end of August. Balancing Debtor's actual financial performance against her statements, the Court is not persuaded, even by a preponderance of the evidence.

The Court finds Debtor's allegations and testimony about changed circumstances to be not credible or persuasive.

### 3. Allegations in motion to reconsider that the Court applied the wrong standard.

The motion cites *In re Collins,* 335 B.R. 646 (Bankr.S.D.Tex.2005) for the legal proposition that the Court must impose the stay if (1) there has been a substantial change in the debtor's financial or personal affairs, or (2) there is another reason that indicates that the current case will be concluded with a discharge.[12] That is not what *Collins* holds and that is not what the statute provides. *Collins* properly addressed these two issues to determine whether there was a *statutory presumption* that the case was not filed in good faith. The statutory presumption determines the debtor's burden of proof in proving good faith.

■ The difference between "proving good faith" and "overcoming the statutory presumption of lack of good faith" is not intuitively obvious. *Collins* spent substantial effort to define that difference and to explain why § 362(C)(4)(B) and (D) require a two part analysis. In summary, subsection (B) of the statute provides that the Court *may* order imposition of the stay if the case was filed in good faith. Since the statute uses the word "may", imposition of the stay is within the discretion of the Court considering all facts and circumstances. Subsection (D) of the statute determines whether the debtor's burden of proof must be satisfied by clear and convincing evidence or by a preponderance of

---

**11.** Debtor was approximately 3 months delinquent in her First Case when the case was dismissed in April, 2006.

**12.** The Court notes that *Collins* interpreted § 362(c)(3), not § 362(c)(4), but the Court

agrees with Debtor that the legal standard of "good faith" that is involved in this case is *approximately* the same. However the Court does not agree with Debtor's analysis of the holding in *Collins*.

the evidence. If the statutory presumption applies, the debtor must prove by clear and convincing evidence that the case was filed in good faith. The relatively objective "change of circumstances" tests are in subsection (D), not subsection (B); therefore those relatively objective tests apply only to the statutory presumption and to the burden of proof.

■ *Collins* first addressed § 362(c)(4)(D): whether there was a statutory *presumption* that the case was not filed in good faith. That must be the first analysis because it determines debtor's burden of proof. After the burden of proof is determined, the Court must determine whether the debtor has met that burden in proving that the most recent case was filed in good faith.

> If the court finds that a case is presumptively not filed in good faith, "such presumption may be rebutted by clear and convincing evidence to the contrary." ... If the court does not find that a presumption arises against the debtor ... [then] the burden of establishing good faith is reduced to a preponderance of the evidence standard.... *Additionally,* a debtor must establish by a preponderance of the evidence why the court should exercise its discretion to extend the stay. *Collins* at 651, (emphasis supplied).

**4. Application of *Collins* and the statutory criteria to this case.**

a. Must the Debtor prove good faith by "clear and convincing" evidence or by a "preponderance of the evidence"

(i) Statutory adverse presumption as to "all creditors"

■ First, § 362(c)(4)(D)(i)(I) applies and therefore the statutory presumption

applies because two or more previous bankruptcy cases were pending in which Ms. Ortiz was a debtor within the 12 month period prior to the filing of this bankruptcy case.[13] Second, § 362(c)(4)(D)(i)(II) applies. Debtor failed to perform the terms of the plan confirmed in the First Case. In addition, Debtor failed to provide adequate protection as ordered (docket # 43) in the First Case. Finally, in the Second Case, Debtor failed to make any payments for the first 3.5 months, thereby failing to provide adequate protection to Ford as required by Bankruptcy Code § 1326(a)(1)(C) and the Court's order (docket # 2). Third, the Court does not find Debtor's evidence of change in circumstances to be credible; therefore § 362(c)(4)(D)(i)(III) applies. Although Debtor testified that her financial situation had changed, the Court finds that her testimony is not credible because she had to borrow money to make Trustee payments, instead of being able to pay them from disposable income. The borrowed money must now be repaid, and Debtor did not explain where she would get additional funds to repay that loan. With respect to Debtor's personal affairs, Debtor testified that her pregnancy was resolved and that she was healthy. However, the Court does not believe that Debtor has resolved whatever personal issues kept her from adequately prosecuting her prior cases. The defalcation that resulted in dismissal of her prior bankruptcy case was failure to file adequate bankruptcy schedules and forms and failure to attend a creditors' meeting. At the dismissal hearing the Court gave Debtor the benefit of the doubt concerning whether failure to attend the creditors' meeting was "willful".

**13.** As noted in an earlier footnote, this subparagraph appears to be duplicative of § 362(a)(4)(A)(i) and therefore might make the § 362(a)(4)(D) adverse presumption applicable in all situations to which § 362(a)(4)(A)(i) applies.

But on October 25 Debtor testified that the August 23 creditors' meeting was about two months after her medical procedure and almost two weeks after she was strong enough to return to the United States and work with her attorney. Earlier, at the dismissal hearing, she testified that she had resumed full time employment during the last week of August. Considering Debtor's testimony at both hearings, the Court cannot conclude that her personal condition has substantially improved since that case was dismissed.[14]

But even assuming, *arguendo* that Debtor proved that her financial and personal affairs had substantially improved, that only addresses the third basis [15] for application of the statutory presumption. Debtor's motion for reconsideration does not even address the first [16] or second.[17] Application of any of the three would result in the adverse statutory presumption applying. The Court concludes that the first and second apply, even if the third does not. Therefore, the Court believes that the statutory presumption applies and that proof of good faith must be made by clear and convincing evidence as to all creditors.

### (ii) Statutory adverse presumption as to Ford

■ Even if Debtor had proved that none of the three elements of § 362(c)(4)(D)(i) applied, that would eliminate the statutory presumption as to all creditors except Ford. As to Ford, the adverse statutory presumption applies by virtue of § 362(c)(4)(D)(ii) because Ford

filed a motion for relief from the stay (docket # 31) in the First Case and that motion was resolved by an order (docket # 42) that conditioned continuation of the stay.

### b. Determining whether the Debtor proved "good faith" using the "clear and convincing" evidence standard

■ The only evidence concerning "good faith" that Debtor offered was Debtor's testimony that she had a better job, that she was now healthy, and that she would work very hard to keep her car. Even if credible, that is insufficient to meet the "clear and convincing" test. The Court would require extensive financial data (including current earnings, tax and other withholdings, and current expenditures), dates on which Debtor had made plan payments, source of plan payments, how Debtor would repay loans she had obtained in September to make plan payments, name of Debtor's employer, employment commencement date, reasons Debtor was unable to make payments in the First Case in the period prior to her illness. *etc.* Debtor's evidence simply did not satisfy the "clear and convincing" standard.

### c. Debtor's evidence did not even prove good faith by a preponderance of the evidence

■ But even assuming that the proper standard is preponderance of the evidence, the Court concludes that Debtor has not proved that she filed this case in good faith. Debtor's testimony was super-

---

14. The Court notes that the recording of the dismissal hearing indicates that the Court was skeptical of Debtor's credibility at that hearing as well. She testified then that her medical condition did not preclude her attention to her Second Case until July. Part of the Court's rational for dismissal of her Second Case was

her failure to properly prosecute her case in June.

15. § 362(c)(4)(D)(i)(III).

16. § 362(c)(4)(D)(i)(I).

17. § 362(c)(4)(D)(i)(II).

ficial and vague; it was ambiguous at best and deceptive at worst. Debtor is simply not credible. The clear thrust of Debtor's pleadings and testimony was that she was unable to attend the creditor's meeting in her prior case because she was too ill. But her medical procedure was performed 2 months prior to the creditors' meeting and she was well enough to travel to the U.S. and to work with her attorney to sign pleadings the week before the creditors' meeting and she was able to begin full time employment the week after the creditors' meeting. This Third Case was filed after repossession of her vehicle. The test of good faith relates only to the current case. The Debtor's conduct in the prior cases is relevant because (i) the Court sees the current case merely as a continuation of conduct that can be interpreted appropriately only by seeing the entire course of conduct, and (ii) Debtor's testimony in this case is made not credible by her conduct and testimony in the prior cases. The Court concludes, based on all facts and circumstances, that this case was not filed in good faith.

Whether the standard is clear and convincing evidence or preponderance of the evidence, the Court reaches the same conclusion, and the Court declines to reverse the result of its prior order.

## CORRECTION OF CLERICAL ERROR

However, the Court notes a clerical error in its order of October 25. That order states that it denies the "motion to extend" the automatic stay. The order should state that it denied the motion to "impose" the automatic stay.