TRAVELERS BANK AND TRUST, FSB, a Maryland corporation, Plaintiff,

v.

Sheila HAYFORD, Defendant.

C.A. No. 02L–02–012 WLW.

Judgment Docket K–2–104.

Superior Court of Delaware, Kent County.

Submitted: Dec. 14, 2006.

Decided: March 15, 2007.

Janet Z. Charlton, Esquire of Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; attorneys for the Plaintiff.

Sheila Hayford, pro se.

## OPINION

WITHAM, R.J.

■ Traveler's Bank and Trust, FSB, filed a Motion for Rule Absolute and sought an Issuance of Writ of Possession concerning the premises situated at 17 Pennwood Drive, Dover, Delaware 19901. The Court heard oral argument on the Plaintiff's Motion on December 1, 2006. Defendant Sheila Hayford[1] opposed the Plaintiff's Motion arguing that the Plaintiff violated the automatic stay imposed by 11 *U.S.C.* § 362[2] when it proceeded with the Sheriff's sale on September 7, 2006 notwithstanding Ms. Hayford's filing of a Petition in Bankruptcy on September 6, 2006. The Court asked the Parties to submit further memorandum in support of their positions. The further submissions concerning the Motion for Rule Absolute are presently before the Court.

### *Parties' Contentions*

Ms. Hayford has filed multiple bankruptcies. The bankruptcies can be sum-

1. Ms. Hayford is a *Pro Se* Defendant.

2. Section 362 of the Bankruptcy Code provides protection to debtors by effecting an automatic stay on creditor collection efforts upon the filing of a bankruptcy petition by a debtor. *In re Belinda Ortiz,* 355 B.R. 587, 589 (Bankr.S.D.Tx.2006).

marized as follows: Case No. 01–59249 [3], a Chapter 13 case, was filed on June 11, 2001, and the case was dismissed on November 13, 2002. Case No. 03–11099, a Chapter 13 case, was filed on April 8, 2003, and the case was dismissed on February 20, 2004. Case No. 04–11552, a Chapter 7 case, was filed May 24, 2004, and the case was dismissed on August 26, 2004. Case No. 04–13453, a Chapter 13 case, was filed on December 7, 2004, and the case was dismissed on February 16, 2005. The Defendant's further filings which are relevant for purposes of the present motion are as follows: Case No. 05–12878 ("first case"), a Chapter 7 Case, was filed on September 29, 2005, and the case was dismissed on April 4, 2006. Case No. 06–10541 ("second case"), a Chapter 13 case, was filed on May 31, 2006, and the case was dismissed on June 13, 2006. Finally, Case No. 06–10969 ("third case"), a Chapter 7 case, was filed on September 6, 2006, and the case was dismissed on November 9, 2006.

Ms. Hayford argues that she was entitled to a 30 day automatic stay when she filed the third bankruptcy case on September 6, 2006. The Defendant claims that the first case should not be considered when determining whether she was entitled to an automatic stay under 11 *U.S.C.* § 362, because the first case was filed before the October 17, 2005 effective date of the 2005 amendments [4], which added the subsections to § 362 that are relevant in this proceeding. Therefore, the third case would actually be the Defendant's second bankruptcy filing for purposes of an automatic stay under the amended § 362. Ms. Hayford would then have been afforded a 30 day automatic stay under § 362(c)(3) as compared to no automatic stay under § 362(c)(4)(A)(i). Consequently, the Defendant argues that the September 7, 2006 Sheriff's sale of the Pennwood premises was improper, and Traveler's Motion for Rule absolute should be denied.

The Plaintiff argues that their Motion for Rule Absolute and Writ of Possession should be granted, because Ms. Hayford had two pending Title 11 bankruptcy cases dismissed in the year preceding the filing of her third case on September 6, 2006. Therefore, the Defendant was not entitled to an automatic stay, pursuant to 11 *U.S.C.* § 362(c)(4)(A)(i), and the September 7, 2006 Sheriff's sale was conducted properly.

For the reasons set forth below, the Plaintiff's Motion for Rule Absolute and Writ of Possession is *granted.*

### *Discussion*

■ Section 362 of the Bankruptcy Code provides protection to debtors by effecting an automatic stay on creditor collection efforts upon the filing of a bankruptcy petition by a debtor.[5] Reacting to criticism of alleged abuse, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 [6], effective October 17, 2005, which amended § 362(c)(3) and (4).[7] Those subsections limit the availability of the automatic stay for debtors who were protected by a stay in a previous case or cases that were pending within the 12 months prior to com-

3. Case No. 01–59249 was filed in the United States Bankruptcy Court for the District of Maryland, Baltimore Division. The rest of the Defendant's filings were in the District of Delaware.

4. Pub.L. No. 109–8, 119 Stat. 23 (2005) (codified as amended at 11 *U.S.C.* §§ 101–1532).

5. *In re Belinda Ortiz,* 355 B.R. 587, 589 (Bankr.S.D.Tx.2006).

6. Pub.L. No. 109–8, 119 Stat. 23 (2005) (codified as amended at 11 *U.S.C.* §§ 101–1532).

7. *In re Ortiz,* 355 B.R. at 589.

345

mencement of the current case.[8] The statute provides that if one prior case was pending within that period, the stay comes into effect when the bankruptcy petition is filed but terminates 30 days later unless the court extends the stay.[9] If the debtor was a petitioner in two or more bankruptcy cases that were pending within the prior 12 months, the stay does not come into effect at all unless the court affirmatively imposes the stay by order issued after hearing.[10]

Title 11 *U.S.C.* § 362(c)(4)(A)(i) provides: "if a single or joint case is filed against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case re-filed under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case." It is undisputed in the case *sub judice* that Ms. Hayford had two pending cases dismissed in the year prior to her filing a third case on September 6, 2006.[11] As discussed above, Ms. Hayford argues that she should have been afforded a 30 day automatic stay, under § 362(c)(3), stemming from her September 6, 2006 filing, because it is inappropriate to consider the Defendant's first case when determining whether there should be an automatic stay under § 362.

The United States Supreme Court has instructed courts to presume that a legislature says in a statute what it means and means in a statute what it says when examining the provisions of the Bankruptcy Code.[12] The United States Bankruptcy Court for the Eastern District of Virginia considered § 362(c)(3)(A) and stated that "pursuant to the 2005 amendments to the Bankruptcy Code, in cases commenced *on* or after October 17, 2005, the automatic stay terminates with respect to the debtor on the 30th day after the *filing* of the case if debtor had a dismissed case [one case] pending within the preceding year." [13] The Virginia Court's interpretation of the section, which also logically applies to § 362(c)(4)(A), requires that the *last case* be filed *on or after* the effective date of the 2005 amendments. It is irrelevant when the previous cases were filed, so long as the cases were *pending* and *dismissed* within one year prior to the last case being *filed*.

The United States Bankruptcy Court for the Southern District of Texas also applied the plain language of § 362(c)(4)(A)(i) to the facts before the Court. In *In re Ortiz*, the Texas Court found that the debtor was a petitioner in two bankruptcy cases within one year prior to filing of the case in issue, and § 362(c)(4)(A)(i), therefore, denied the

8. *Id.*

9. *Id.* see 11 *U.S.C.* § 362(c)(3).

10. *Id.* see 11 *U.S.C.* § 362(c)(4)(A)(i).

11. Ms. Hayford filed the third case on September 6, 2006, one day before the Sheriff's sale took place. The first case was filed on September 29, 2005, before the October 17, 2005 effective date of the 2005 amendments, but the case was pending until it was dismissed on April 4, 2006. The second case was filed on May 31, 2006, and it was pending until it was dismissed on June 13, 2006.

Therefore, the first and second cases were pending and dismissed within the year (September 6, 2005–September 6, 2006) prior to the filing of the third case on September 6, 2006.

12. *In re Murray*, 350 B.R. 408, 413 (Bankr. S.D.Ohio 2006) citing *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The *In re Murray* Court determined that § 362(c)(4)(A) was unambiguous.

13. *In re Ross, Sr.*, 2006 WL 2078590, *2 (Bankr.E.D.Va.). (emphasis added)

automatic imposition of the § 362 stay.[14] The debtor in the Texas case first filed for bankruptcy in December, 2004, and the case was dismissed on April 26, 2006 ("case number 1"). Case number 1 was filed before the October 17, 2005 effective date of the relevant amendments. The debtor had a second case dismissed on September 20, 2006, and the debtor filed a third case on September 28, 2006.[15] The Texas Court applied the facts of the case to the plain language of the section when the Court found that there was no automatic stay upon the filing of the third case. It was irrelevant to the Texas Court that Case number 1 was filed prior to the effective date of § 362(c)(4)(A)(i). It was only pertinent that case number 1 was pending and dismissed within the year prior to the filing of the third case.

In the case *sub judice*, it is undisputed that Ms. Hayford had two pending cases that were dismissed within the year prior to the filing of her third case. The Defen-

dant's first case was filed prior to the effective date of the 2005 amendments. However, the fact that the first case remained pending and was dismissed within the year prior to the filing of the third case is what is relevant. Based on a plain reading of 11 *U.S.C.* § 362(c)(4)(A)(i), the Defendant was not entitled to an automatic stay upon the filing of her September 6, 2006 Petition for bankruptcy.[16] Therefore, the September 7, 2006 Sheriff's Sale was not improperly conducted.

Based on the foregoing, the Plaintiff's Motion for Rule Absolute and Writ of Possession is *granted.*

IT IS SO ORDERED.

---

14. *In re Ortiz,* 355 B.R. at 590.

15. *Id.* at 591–592.

16. The Court notes that a party in interest could have requested, within 30 days after the filing of the later case, that the Court order a stay to take effect in the case as to any or all

creditors. The Court would have been required to hold a hearing, after proper notice to all interested parties, and the party in interest would have had to demonstrate that the filing of the later case was in good faith as to the creditors to be stayed. 11 *U.S.C.* § 362(c)(4)(B).