# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-51047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2020

Lyle W. Cayce
Clerk

In the Matter of: BILLIE ODELL STONE,

      Debtor

-------------------------------------

BILLIE ODELL STONE,

      Appellant

v.

MARY K. VIEGELAHN,

      Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-1068

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51047

Debtor-Appellant Billie Odell Stone, appearing pro se, filed a petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code. The bankruptcy court dismissed Stone's third successive Chapter 13 bankruptcy petition. On appeal, the district court affirmed the bankruptcy court's decision. Stone urges us to find that his third Chapter 13 petition was merely a "re-filing" improperly dismissed sua sponte, and he seeks reversal of the bankruptcy court's order denying his Motion for Imposition of Stay and Emergency Motion to Vacate Foreclosure.

Review of cases originating in bankruptcy requires that "we perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de novo." *Nationwide Mut. Ins. Co. v. Berryman Prods. (In re Berryman)*, 159 F.3d 941, 943 (5th Cir. 1998). "Whether a petition was filed in good faith is a question of fact that we review for clear error. When a finding of fact is premised on an improper legal standard, or a proper one improperly applied, however, that finding is reviewed de novo." *In re Stanley,* 224 F. App'x 343, 346 (5th Cir. 2007) (internal citations and quotations omitted).

Since its enactment in 1978, the Bankruptcy Code has included 11 U.S.C. § 362 which effects an automatic stay of all creditor collection effort immediately upon the filing of a bankruptcy petition. "Section 362(c)(4)(B) provides that the Court may impose the stay if (1) the debtor requests the Court to do so, (2) the request is made within 30 days after the petition was filed, (3) notice is given to parties in interest and a hearing is held, and (4) the movant proves that the filing of the current case is in good faith as to the parties to be stayed." *In re Ortiz,* 355 B.R. 587, 590 (Bankr. S.D. Tex. 2006). "Section 362(c)(4)(D) provides that there is a statutory presumption that the latest case was not filed in good faith under certain circumstances. If the

2

No. 19-51047

statutory presumption applies, then a debtor must prove good faith by clear and convincing evidence." *Id.*

On April 19, 2018, Appellant filed his first Chapter 13 bankruptcy petition, which was dismissed on May 10, 2018 for failure to file a plan and schedule of assets and liabilities pursuant to the rules. On June 29, 2018, Appellant filed his second Chapter 13 bankruptcy petition, which after notice and hearing on a motion filed by the creditor was dismissed without prejudice on August 3, 2018. On August 31, 2018, Appellant filed his third Chapter 13 bankruptcy petition and disclosed his interest in three parcels of real property in San Antonio, Texas. On September 7, 2018, Stone filed a motion for imposition of stay maintaining that a foreclosure of his real property took place three days prior by Randolph Brooks Federal Credit Union. Stone contended that the foreclosure was in violation of an automatic stay which he claimed took effect upon filing the instant petition.

On September 24, 2018, the bankruptcy court scheduled the hearing on Stone's Motion for Imposition of Stay and Motion to Vacate Foreclosure. Stone conceded that the current case was his third case and that he filed a total of three cases within the past one year period. The bankruptcy court concluded that when the foreclosure sale was conducted on September 4, there was no violation of the stay because Stone was a petitioner in two bankruptcy cases within the year prior to filing this case and therefore section 362(C)(4)(A)(i) applies to deny automatic imposition of the § 362 stay.

The bankruptcy court properly granted the motion to dismiss, based on bad faith of the filing, as clearly demonstrated by the record. *See* 11 U.S.C. § 1112(b); *see In re Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986) (noting that the good faith requirement "prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way" and "protects the jurisdictional integrity

3

of the bankruptcy courts"). Moreover, Stone's bad faith conduct is also "just cause" for dismissal as it is "tantamount to a ruling that the individual does not qualify as a debtor under chapter 13." *See Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 373 (2007) (noting that the bankruptcy laws were enacted to protect members of the class of "'honest but unfortunate debtor[s]'"); *see also* 11 U.S.C. § 1325(a)(3) (a plan must be "proposed in good faith and not by any means forbidden by law" to be confirmed) and 11 U.S.C. § 105 (authorizing bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title").

Stone also seeks review of the bankruptcy court's order denying the emergency motion to set aside foreclosure sale and the order denying the imposition of stay. However, as the district court properly noted, "[Stone] did not appeal the orders within 14 days of the ruling. Fed. R. Bankr. P. 8002. Thus, the [district court] lacks jurisdiction to hear an appeal from those orders." *See* 28 U.S.C. § 158(a)(1). Accordingly, we similarly lack jurisdiction to review these claims. *See In re Berman*, 737 F.3d 997 (5th Cir. 2013) ("When the district court lacks jurisdiction over an appeal from a bankruptcy court, this Court lacks jurisdiction as well." (internal citation omitted)).

Finally, Stone filed a Motion for Extension of Time to File Petition for Rehearing/En Banc Review pursuant to the Texas Rules of Appellate Procedure. The district court liberally construed this motion as one for an extension of time to file a notice of appeal. A motion filed pursuant to Fed. R. Civ. P. 59 "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002). However, a motion under Fed. R. Civ. P. 59 "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the judgment." *Id.* at 479; *see also Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473

No. 19-51047

(5th Cir.1989) (noting that Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence"). We find no error in the district court's denial of reconsideration.

For these reasons, we DISMISS this appeal for lack of jurisdiction over the orders denying Stone's emergency motion to set aside foreclosure sale and the order denying the imposition of stay and AFFIRM the district court's decision.