Revised August 18, 2000

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10829
_____

In the Matter of: FRANK J. STANGEL,

Debtor,

FRANK J. STANGEL,

Appellant,

versus

UNITED STATES OF AMERICA; THOMAS D. POWERS,
Chapter 13 Trustee,

Appellees.
_____

Appeal from the United States District Court
for the Northern District of Texas

_____

August 1, 2000

Before DAVIS, JONES, and STEWART, Circuit Judges.

PER CURIAM:

Chapter 13 debtor-appellant Frank Stangel appeals two adverse decisions of the bankruptcy court in separate adversary proceedings that have been consolidated on appeal. Because Stangel did not timely appeal the first adversary proceeding to the district court, we dismiss that part of his appeal for want of jurisdiction. Because Stangel lacks standing to assert the

trustee's lien avoiding power under 11 U.S.C. §545(2), we dismiss that part of his appeal for lack of standing.[1]

### FACTS & PROCEDURAL HISTORY

Stangel is a well-educated[2] actor and acting instructor who runs a flea market business on the side. Over a number of years between 1982 and 1995, he failed to pay income taxes and had repeated skirmishes with the Internal Revenue Service. He has also filed previous Chapter 13 bankruptcies; this is his third one.

The instant case was commenced February 2, 1996. The IRS was his sole creditor. The service filed a secured claim for unpaid tax assessments dating from 1982, 1983, 1984, 1987, and 1988; an unsecured priority claim for the years 1989-95; and an unsecured general claim for penalties and interest from 1989-95.

Stangel responded by initiating two adversary proceedings. The first concerned the amount of taxes owed by the debtor. The bankruptcy court entered a final judgment of the amount owed on August 12, 1997. Ten days later, Stangel timely filed motions for a new trial and to amend judgment and to amend the findings of fact and conclusions of law. In an order entered September 8, 1997, the bankruptcy court denied these motions. On September 5, Stangel filed an amended motion for additional

---

[1] Stangel's property on which he seeks to avoid a lien is not exempt from a federal tax lien. *See* §522(c)(2)(B).

[2] Stangel has a B.A. from Michigan State University and a law degree from LaSalle University.

findings of fact and conclusions of law, which the bankruptcy court denied on September 21. Stangel's notice of appeal was filed on October 1, 1997.

Stangel's second adversary proceeding, filed in September 1997, was titled a "complaint to avoid lien." Stangel alleged therein that he was entitled to exercise the avoidance powers of the bankruptcy trustee under 11 U.S.C. §545(2) and thereby avoid attachment of tax liens to his personalty.

In response to this second proceeding, the bankruptcy court rejected Stangel's standing to pursue the avoidance action, on the grounds that §545 states only that "the trustee" may pursue such claims. Alternatively, the court held that the provision does not substantively permit the avoidance of a federal tax lien, because the tax law contains a more stringent standard for defeat of a federal tax lien pursuant to IRC §6323. The district court affirmed these holdings. Stangel now appeals.

**DISCUSSION**

1. The First Adversary Proceeding

Because Stangel's appeal from the bankruptcy court to the district court in the first adversary proceeding was not timely, we lack jurisdiction.

Whether Stangel's appeal was timely depends on (1) when the district court entered its orders denying the first of Stangel's successive post-judgment motions, and (2) when Stangel

3

filed his notice of appeal. The dates of these events are as follows: (1) September 8, 1997, when the bankruptcy court entered judgment denying debtor's first post-judgment motion; and (2) October 1, 1997, the date of Stangel's notice of appeal.

Bankruptcy Rule 8002(a) allows a debtor ten days from the date of entry on an order disposing of a Rule 59-type motion in which to file his notice of appeal. That a debtor files a second round of post-judgment motions has been held ineffective to extend this time period.[3] *See In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995). Stangel's October 1, 1997 notice of appeal was filed more than 10 days after the bankruptcy court's September 8, 1997 judgment denying his first post-judgment motion, and his second post-judgment motion was successive and did not toll the time period. Under Rule 8002(a), his appeal to the district court was thus untimely.

Because Stangel's appeal to the district court was untimely, the district court lacked jurisdiction over the appeal. When the district court lacks jurisdiction over an appeal from a bankruptcy court, this Court lacks jurisdiction as well. *See In re Don Vicente Macias, Inc.*, 168 F.3d 209, 211 (5th Cir. 1999). We therefore dismiss for want of jurisdiction.

---

[3] The latter post-judgment motion is treated as a motion under Federal Rule 60(b), with similar effects on timeliness. Stangel does not contend that he seeks review of the denial of his second round of post trial motions on the same standard that applies to Rule 60(b).

2. The Second Adversary Proceeding

As noted above, 11 U.S.C. §545 codifies a *trustee's* ability to avoid certain liens on property of a debtor. Stangel asserts that he has just as much interest as the Chapter 13 trustee in avoiding these tax liens, since the completion of his Chapter 13 plan will result in a discharge and the reversion to him of the property in his estate. Standing in the way, however, is §545 itself, which does not expressly confer power on anyone except the trustee to pursue these motions.[4]

Two cases – one from the Fifth Circuit and one from the Supreme Court – lead us to conclude that Stangel lacks standing to pursue his avoidance motion. *Matter of Hamilton*, 125 F.3d 292 (5th Cir. 1997), addressed the standing of a Chapter 13 debtor to exercise avoidance powers available to a trustee under §544 of the Bankruptcy Code.[5] While acknowledging earlier case law to the contrary, *Hamilton* stated that "[m]ore recently, bankruptcy courts addressing the issue have receded from their earlier opinions and refused to use §544 to allow Chapter 13 debtors to exercise strong-arm powers reserved for Chapter 13 trustees." *Hamilton*, 125 F.3d at 296. The court went on to reason that a Chapter 13 debtor does

---

[4]§545 reads: "The trustee may avoid the fixing of a statutory lien on property of the debtor...." *See* 11 U.S.C. §545.

[5]Specifically, the debtor wished to use §544 to avoid a foreclosure sale on his homestead that occurred just before bankruptcy. *See Hamilton*, 125 F.3d at 295.

5

not have standing to pursue a §544 avoidance through 11 U.S.C. §1303, a catch-all clause that allows the debtor "the rights and powers of a trustee" under 11 U.S.C. §§ 363(b), (d), (e), (f) and (l). *See Hamilton*, 125 F.3d at 296. The court did find, however, that since the debtor's suit satisfied the criteria of §522(h), which gives the debtor power to avoid the fixing of certain liens on otherwise exempt property, the debtor had standing to avoid the foreclosure sale under that provision. *See Hamilton*, 125 F.3d at 298.

The Supreme Court wrote on an analogous provision of the Bankruptcy Code in *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 120 S.Ct. 1942 (5/30/00). In a unanimous opinion, Justice Scalia rejected a creditor's claim that it could file a motion to recover the actual and necessary costs of preserving collateral of the debtor's estate under 11 U.S.C. §506(c). That provision allows only the *trustee* to recover such costs. The Court's opinion relied principally on the clear statement in the statute, assisted by the overall context of the Bankruptcy Code. Although §506(c) is a different provision than the one at issue here, and a Chapter 11 case is different from a Chapter 13 case, the Court's mode of reasoning is fully applicable here. In particular, the opinion stated:

> Petitioner argues that in the absence of such restrictive language [stating that *only* the trustee may make the claim], no party in interest is excluded. This theory – that the

6

> expression of one thing indicates the inclusion of others
> unless exclusion is made explicit – is contrary to common
> sense and common usage.  Many provisions of the Bankruptcy
> Code that do not contain an express exclusion cannot sensibly
> be read to extend to all parties in interest.

*Hartford*, 120 S.Ct. at 1948.

The reasoning of both *Hamilton* and *Hartford Underwriters* strongly suggests that Stangel does not have standing under the plain reading of §545.  Both those opinions concerned Bankruptcy Code provisions that stated that trustees had certain powers, and both rejected interpretations that extended those powers to other parties in interest.  That is precisely what Stangel asks us to do here, and, in light of those cases and the plain language of the statute, we refuse to do so.  Because Stangel does not have standing to pursue this avoidance action, we do not reach the question whether the trustee can in fact utilize §545 to avoid federal tax liens.[6]

**DISMISSED.**

---

[6]     The Government cites two circuit court cases supporting its position that §545 cannot be used to avoid federal tax liens.  *See In re Berg*, 121 F.3d 535 (9th Cir. 1997) and *In re Walter*, 45 F.3d 1023 (6th Cir. 1995).  Furthermore, we note that if bankruptcy law permitted freer avoidance of federal tax liens, it would create a huge incentive to file bankruptcy.