United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-50462
Summary Calendar

In The Matter Of: ANNETTE S. MUECKE

Debtor,

ANNETTE S. MUECKE,

Plaintiff-Appellant,

versus

MARION A. OLSON, Jr.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(No. SA-05-CV-0538-RF)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Annette Muecke ("Muecke") appeals from the district court's affirmance of the bankruptcy

court's denial of a motion to reinstate her appeal. Because we lack jurisdiction over this appeal, we

vacate the district court's decision and dismiss.

I. FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Muecke has filed five Chapter 13 bankruptcy proceedings over the past two decades. The latest Chapter 13 filing on March 11, 2004, was dismissed by the bankruptcy court on July 30, 2004. Muecke filed a Motion to Reconsider on August 10, 2004, which the bankruptcy court denied on August 16, 2004. Muecke then filed a Notice of Appeal on September 10, 2004, which the bankruptcy court dismissed on November 18, 2004. This dismissal was not directly appealed.

On January 18, 2005, Muecke filed a Motion to Reinstate her appeal, which was denied by the bankruptcy court on February 3, 2005. Muecke then filed an appeal with the district court on February 14, 2005. The district court affirmed the bankruptcy court's order and dismissed Muecke's appeal on November 14, 2005. Muecke then filed this appeal with this court on April 19, 2006.

## II. DISCUSSION

Muecke's appeal in this court is a pro se motion based on FED. R. CIV. PRO. 60 to reconsider the bankruptcy court's dismissal of her Chapter 13 filing on July 30, 2004. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *see also In re Stangel*, 219 F.3d 498, 500 n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 910 (2001). Muecke did not directly appeal this decision, and a Rule 60 motion should not be used as a substitute for a direct appeal. *Travelers*, 38 F.3d at 1408. In reviewing a Rule 60 motion, we review only for abuse of discretion and do not review the merits of the Rule 60 motion. *Travelers*, 38 F.3d at 1409 n.6.

However, we must first consider our jurisdiction to hear this appeal. *Stangel*, 219 F.3d at 500. Muecke's Motion to Reinstate her appeal was untimely filed in the bankruptcy court. The time limits for an appeal from a bankruptcy court decision are found in Bankruptcy Rule 8002(a), which

2

provides that such a motion must be filed within ten days of the bankruptcy court's decision. *See Stangel*, 219 F.3d at 500.[1]

The bankruptcy court's dismissal of Muecke's Chapter 13 bankruptcy occurred on July 30, 2004. For an appeal to be timely, it would have to filed by Monday, August 9, 2004. Instead Muecke's appeal was not filed until September 10, 2004. When this appeal was dismissed by the bankruptcy court on November 18, 2004, Muecke did not file the instant Motion to Reinstate until January 18, 2005, well after the ten day time limit for an appeal. Therefore, the bankruptcy court's dismissal of this case became final on August 10, 2004, and the district court had no jurisdiction to hear Muecke's appeal. Because the district court had no jurisdiction in this case, we also have no jurisdiction over this appeal. *See Stangel*, 219 F.3d at 500.

## III. CONCLUSION

For the foregoing reasons, we VACATE the judgment of the district court and dismiss the appellant's claims for lack of jurisdiction.

---

[1] Bankruptcy Rule 9006(a) requires that intermediate Saturdays and Sundays be included when computing this time period. *See Butler*, 2 F.3d at 156. Additionally, any intermediate motions, such as Muecke's August 10, 2004 Motion to Reconsider, do not toll Bankruptcy Rule 8002(a). *Stangel*, 219 F.3d at 500.