**In re Mohyadein F. SALAYMEH; aka Dean Salaymeh; fdba Interstate Supermarket and Restaurant Equipment, Inc., et al, Debtors.**

**Mohyadein F. Salaymeh, et al, Plaintiffs**

**v.**

**Plaza Centro LLC, et al, Defendants.**

**Bankruptcy No. 06–32066.**
**Adversary No. 06–3602.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 10, 2007.

---

Pete W. Weston, Weston & Associates, PLLC, Houston, TX, for Plaintiffs.

James Dean Salyer, Morris Lendais et al, Robert E. Bone, Hoover Slovacek LLP, Brian Edward Staley, James N. Hull, Hull & Associates, Houston, TX, for Defendants.

## MEMORANDUM OPINION ON PLAZA CENTRO'S MOTION TO DISMISS

MARVIN ISGUR, Bankruptcy Judge.

On October 25, 2006, Defendant Plaza Centro, LLC, filed a motion to dismiss this adversary proceeding [docket no. 6]. For the reasons set forth below, the motion is granted.

### Background

The property at issue in this proceeding is located at 525 Crosstimbers Street, Houston, Harris County, Texas (the Property). Prior to November 16, 2005, Mohyadein Salaymeh and Hana Salaymeh owned the Property.

On June 19, 2003, Defendant Tablecraft Products Company, Inc. obtained a default judgment in state court against Mohyadein Salaymeh in the approximate amount of $12,000. On June 23, 2004, Tablecraft obtained an order granting turnover and appointment of a receiver, granting the receiver authority to take possession of and sell all non-exempt property of Mohyadein Salaymeh, including that associated with his business, and to pay any proceeds from the sale to Tablecraft to the extent required to satisfy the state court judgment.

On November 16, 2005, the receiver sold the Property to Defendant, Plaza Centro, LLC for the approximate amount of $150,000.

On May 15, 2006, the Salaymehs filed a petition under chapter 13 of the Bankruptcy Code. The Debtors commenced this adversary proceeding on October 8, 2006. They seek to set aside the pre-petition transfer of the Property to Plaza Centro pursuant to 11 U.S.C. § 548(a)(1)(B), § 544(a)(3) and § 544(b)(1).

On October 25, 2006, Plaza Centro filed a motion to dismiss, asserting that the Debtors lack standing to commence and maintain this adversary proceeding. The court requested additional briefing on the issue. Both the Debtors and Plaza Centro submitted briefs. On December 28, 2006, the Court held a hearing on the motion.

### Analysis

In this adversary proceeding, the Debtors seek to avoid the pre-petition transfer of the Property to Plaza Centro. The Debtors allege that, at the time of sale, the

Property was appraised by the Harris County Appraisal District at approximately $242,640 and had an approximate fair market value of $500,000. Because the Property was actually sold for $150,000, the Debtors contend the transfer was fraudulent under § 548(a)(1)(B). Alternatively, the Debtors seek to avoid the transfer of the Property to Plaza Centro under § 544(a)(3) and § 544(b)(1).

Section 548(a)(1) provides that the trustee may avoid any transfer of a debtor's interest in property which occurs within two years of the filing of the petition if certain conditions are met. 11 U.S.C. § 548(a)(1). Section 544(a) provides that the trustee shall have the rights and powers of, or may avoid any transfer of property of the debtor that is voidable by, specific creditors or persons. 11 U.S.C. § 544(a). Similarly, § 544(b) provides that the trustee may avoid any transfer of the debtor's interest in property that is voidable by creditors holding certain unsecured claims. 11 U.S.C. § 544(b)(1).

The express language of § 544 and § 548 provides that only the trustee has the power to avoid such transfers. Based on the plain language of the statutes, Plaza Centro alleges that the Debtors lack standing to commence and maintain this action.

▐ The threshold issue, then, is whether the Debtors have standing to exercise the general avoidance powers of a trustee. The Bankruptcy Code grants a chapter 11 debtor in possession and chapter 12 debtors the general rights and duties of a trustee. 11 U.S.C. §§ 1107, 1203. However, the Code does not give chapter 13 debtors the general powers of a trustee. 11 U.S.C. § 1303 (granting a chapter 13 debtor only limited rights and powers of a trustee); *In re Stangel,* 219 F.3d 498, 501 (5th Cir.2000); *In re Hamilton,* 125 F.3d 292, 295–96 (5th Cir.1997); *In re Bruce,* 96 B.R. 717, 721 (Bankr. W.D.Tex.1989). Although some courts emphasize the reality that chapter 13 trustees have little incentive to pursue avoidance actions in support of a finding that chapter 13 debtors may exercise a trustee's general avoidance powers, the Fifth Circuit expressly rejected such a view. *In re Hamilton,* 125 F.3d at 296–97.[1] The Fifth Circuit observed that in § 522(h), Congress specifically authorized a chapter 13 debtor to exercise the trustee's avoidance powers in limited circumstances. Given this narrow exception, contrasted with the general grant of authority to chapter 11 and 12 debtors, it is clear that Congress knew how to grant a chapter 13 debtor the general duties and powers of a trustee but chose not to. *Id.* at 297, n. 5. Consequently, in order to survive Plaza Centro's motion to dismiss, the Debtors must establish that they meet the requirements to bring this adversary proceeding

---

**1.** The courts that have concluded that chapter 13 debtors may utilize the trustees avoidance powers rely on the legislative history of § 1303 to overcome the plain language of § 1303. *See, e.g., In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985). More recently, however, courts have rejected such a view, relying on the plain language of the statutes. *See, e.g., In re Bruce,* 96 B.R. at 721. The Fifth Circuit cited *In re Bruce* to explain the change in position:

As compelling, practical and intensely equitable as these arguments might be, they are at bottom well-meaning forays into judicial legislation. They exceed the scope of a bankruptcy judge's role, which is to interpret and apply the statute, not to rewrite it. . . . Legislative history, especially floor comments, may augment but may not amend the statute's straightforward language. Section 1303 simply does not confer standing on the debtor to pursue avoidance actions. . . .

*In re Hamilton,* 125 F.3d at 297, n. 5 (quoting *In re Bruce,* 96 B.R. at 721).

under the narrow exception set forth in § 522(h).

Section 522(h) grants debtors the authority to exercise § 544 and § 548 avoidance powers in limited circumstances. Section 522(h) provides that:

> The debtor may avoid a transfer of property of the debtor or recover a set-off to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). Subsection (g)(1) provides:

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property

11 U.S.C. § 522(g)(1). Section 522(b) permits the debtor to elect either federal or state exemptions and to exempt the property listed pursuant to the elected exemption scheme from property of the estate. 11 U.S.C. § 522(b); *In re Zibman*, 268 F.3d 298, 302 (5th Cir.2001).

The Fifth Circuit adopted a five-part test in *In re Hamilton* to determine whether a debtor may exercise the limited avoidance powers under § 522(h). Under the test, a debtor may avoid the transfer if: (1) the transfer was not a voluntary transfer of property by the debtor; (2) the

debtor did not conceal the property; (3) the trustee did not attempt to avoid the transfer; (4) the transfer was avoidable by the trustee; and (5) the transferred property is of a kind that the debtor would have been able to exempt from the estate if the trustee had avoided the transfer. *In re Hamilton*, 125 F.3d at 297 (citing *In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995)). A debtor must establish all five elements in order to avoid a transfer under § 522(h). *See, e.g., In re Willis*, 48 B.R. 295, 299 (S.D.Tex.1985). Thus, if the Debtors fail to satisfy one element, they lack standing to avoid the transfer.

The basis of Plaza Centro's motion to dismiss is that the Debtors cannot claim the Property as exempt, and therefore cannot maintain an avoidance action with respect to the Property. Specifically, Plaza Centro points out that the Debtors elected the Texas state law exemption scheme which provides no basis to exempt the Property. Texas law provides that a debtor may exempt his homestead, consisting of one or more contiguous lots, together with any improvement thereon, if used for a home or as both a home and a place of business. Tex. Prop.Code §§ 41.001(a); 41.002(a). Texas law further allows a debtor to claim as exempt certain types of personal property valued at $30,000. *Id.* at § 42.001(a). A debtor may not exempt an interest in a lawsuit. Texas does not allow a debtor to spill over unused value in one category of exempt property into another category.

It is undisputed that the Property is not the Debtor's homestead. The Debtors do not cite to any Texas law that would allow them to exempt the Property had it not been transferred to Plaza Centro. Instead, the Debtors argue that the transfer is avoidable under § 522(h) since they could have exempted their interest in the

property under § 522(d)—the wild card or catchall exemption—had they elected the federal exemptions. Section 522(d) may be applied to exempt any type of property but is limited to $975 plus up to $9250 of the unused portion of the homestead exemption. 11 U.S.C. § 522(d).

A debtor's choice of federal or state law exemptions is mutually exclusive. A debtor may not pick and choose the most favorable exemptions under state and federal law, but must weigh the advantages of each scheme and elect one or the other. *In re Dyke*, 943 F.2d 1435, 1438 (5th Cir.1991). In their bankruptcy case, the Debtors elected the Texas state law exemption scheme. There is no basis under Texas law for the Debtors to exempt the Property. The Debtors do not deny that, as their case presently stands, they could not claim any portion of the Property as exempt if it were recovered, whether by the trustee or the Debtors, or if it had not been transferred. There is simply no basis under Texas law by which the Debtors can claim the Property as exempt.

Despite this reality, the Debtors contend that this element of the Fifth Circuit's test should be construed more broadly. The Debtors argue that, hypothetically, they *could have* elected the federal exemption scheme, and if they had made such elec-

tion, they *could have* exempted the property under § 522(d)(5) up to the value limitation imposed by § 522(d)(5).[2] Thus, the Debtors' argument focuses on the use of the terms could have exempted in § 522(g)(1). This argument stretches too far.

Although emphasizing these terms supports the Debtors' view, this interpretation would violate the cardinal rule of statutory construction that statutes should be read in context. *Dolan v. United States Postal Service*, 546 U.S. 481, 126 S.Ct. 1252, 1257, 163 L.Ed.2d 1079 (2006). The United States Supreme Court explained:

> The definition of words in isolation ... is not necessarily controlling in statutory construction. A word in a statute may or may not extend to the outer limits of its definitional possibilities. Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis.

*Id.*

The Debtor's emphasis on could have minimizes the rest of the language in § 522(g)(1). Read in context, § 522(g)(1)

---

**2.** Essentially, the Debtors argue that a debtor may avoid a transfer pursuant to § 522(h) anytime it would have been possible for a debtor to elect the federal exemption scheme. At the hearing, the Court questioned the Debtors' counsel if, under the Debtors' interpretation of § 522(h), there were any circumstances in which it would be impossible for a debtor to assert standing under § 522(h). Debtors' counsel did not offer any situations. The Court expressed concerns stemming from the basic tenets of statutory interpretation, noting that a statute must be interpreted so that no provision is surplusage. *TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant). The Court recognizes that such situations exist. Section 522(b)(2) empowers states to prohibit their citizens from selecting the federal exemptions set forth in § 522(d). 11 U.S.C. § 522(b)(2). It appears that 34 states have elected to opt out. 4 COLLIER ON BANKRUPTCY ¶ 522.02[1], n. 3 (15th ed.2006). In these states, it is not possible for a debtor to allege standing under § 522(h) solely by way of the possibility that he could later amend his exemptions to claim otherwise non-exempt property as exempt under § 522(d).

allows a debtor to exempt under § 522(b) property that the trustee recovers, but limits this right to exempt the property to the extent that the debtor could have exempted such property had it not been transferred. 11 U.S.C. § 522(g)(1). Thus, a debtor's rights under § 522(g)(1) arise only if two things first occur: (1) the trustee recovers property pursuant to the avoidance powers and (2) the property is of a kind that the debtor could have exempted had the transfer never occurred. Even where a trustee recovers the property post-petition, a debtor must still show that he could have exempted the property.

 It is a general rule of bankruptcy law that a debtor's right to exempt property is determined by the facts and the law as they exist on the date of the filing of the bankruptcy petition. *In re Zibman*, 268 F.3d at 302. This rule prevents a debtor from exempting any property in which the debtor does not have an interest on the date of the filing of his bankruptcy petition. Section 522(g)(1) creates an exception to this rule and allows a debtor to exempt property recovered by the trustee if the debtor could have exempted such property under [§ 522(b) ] if such property had not been transferred. This language effectively places the debtor in the position he would have been in had the transfer never occurred, and allows the debtor to exempt property that he otherwise could not.

Taking the statutory language in context, it is apparent that the term could have refers to the hypothetical cases where an avoidable transfer is presumed not to have occurred as of the date of the

filing of the debtor's bankruptcy petition so that a debtor may claim the property as exempt.

 The Court recognizes that it is possible for the Debtors to amend their schedules to elect the federal exemptions at any time before the case is closed. FED. R. BANKR.P. 1009(a).[3] However, issuing a ruling based on this uncertain contingency would violate basic constitutional principles. The doctrine of ripeness enables courts to screen out cases that seek answers to abstract or hypothetical legal questions. *Gulf Pub. Co., Inc. v. Lee*, 679 F.2d 44, 46 (5th Cir.1982). To determine whether an action is ripe for judicial review the court must consider (1) the fitness of the issue for judicial consideration and (2) the hardship to the parties of withholding court consideration. *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003). The rationale behind the ripeness doctrine is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements, when those disagreements are premised on contingent future events that may not occur as anticipated, or indeed may not occur at all. *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 77, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993) (internal quotation marks omitted). The doctrine is likely offended in cases such as this where the plaintiff controls the future contingency. In addition, [a] party's allegation of hardship will be found wanting if there are too many "ifs" in the asserted causal chain linking the [defendant's] action to the alleged hardship. *Caprock Plains Fed. Bank Ass'n v. Farm Credit Admin.*, 843

---

**3.** Rule 1009 allows a debtor to amend his petition, lists, schedules or statement as a matter of course at any time before the case is closed. However, this right is not absolute. The general rule allowing the liberal amendment of exemption claims is subject to restric-

tion where the debtor has acted in bad faith or concealed property, or where the amendment would prejudice creditors. 9 COLLIER ON BANKRUPTCY, ¶ 1009.02[1] (15th ed.2006); *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986).

**830**

F.2d 840, 845 (5th Cir.1988). The mere possibility that the Debtors might amend their schedules is insufficient to permit the parties to continue litigating this matter as it presently stands.

Nonetheless, for the purpose of completeness the Court will fully consider the Debtors' hypothetical argument with respect to § 522(h). If the Debtors were to amend Schedule C to elect the federal exemption scheme set forth in § 522(d), the Debtors would be allowed to exempt a maximum of $36,900 in their residence. 11 U.S.C. § 522(d)(1) and (m).[4] In this case, the Debtors exempted $36,721 pursuant to Texas exemption laws which provide for an unlimited homestead exemption. Because the Debtors' right to exempt property was determined on the date of their bankruptcy filing, this is the amount the Debtors could claim under § 522(d)(1). The unused portion of the Debtor's federal homestead exemption would be $180. Section 522(d)(5) allows a debtor to exempt any type of property, but the value of such exemption may not exceed $975 plus up to $9,250 of any unused amount of the federal homestead exemption. Consequently, if the Debtors were to amend Schedule C to elect the federal exemption scheme, they would jointly be able to exempt property valued at only $2,130 ($975 + $975 + $180). Because there is no minimum exemption value within the requirements of § 522(g), it is possible that the Debtors would have standing under this scenario if the Debtors established that all five requirements set forth in *In re Hamilton* were met. However, § 522(j) limits a debtor's ability to exempt such property.

Section 522(j) provides that property recovered under the avoiding powers may be exempted only to the extent that the debtor has exempted less property than allowed under subsection (b). That is, the debtor's use of the avoiding powers does not expand the extent of exemptions. Rather, it permits the debtor to recover property that but for the transfer would have been available to exempt. If the debtor avoids a transfer of property, and the value of that property exceeds the amount that may be claimed as exempt under the applicable exemption provision, the excess value of the property would remain subject to the transfer. Presumably, the trustee would have some interest in recovering the excess value for the benefit of the estate, but in the absence of such action, the creditor would retain the right to that property.

4 COLLIER ON BANKRUPTCY ¶ 552.12[5] (15 ed. rev.2006).

This result coincides with the plain language of § 522(h), the principal statute that grants a debtor limited avoidance powers of a trustee. Section 522(h) provides that a debtor may avoid a transfer of property ... or recover a setoff *to the extent that the debtor could have exempted such property* .... 11 U.S.C. § 522(h).

This language is in sharp contrast to the all-encompassing avoidance powers held by a trustee. Once a transfer or obligation is deemed avoidable by the trustee, the entire transfer is avoided without regard to the size of claims of existing creditors whose right and powers the trustee is asserting. *In re Coleman,* 426 F.3d 719, 725–726 (4th Cir.2005); *Abramson v.*

---

**4.** Section 522(d)(1) permits a debtor to exempt his or her aggregate interest, not to exceed $18,450 in value, in real property that the debtor or a dependent of the debtor uses as a residence. 11 U.S.C. § 522(d)(1). Section 522(m) provides that the exemptions set forth in subsection (b) apply to each debtor in a joint case. 11 U.S.C. § 522(m). Thus, a husband and wife filing jointly may double the amount of the exemptions.

*Boedeker,* 379 F.2d 741, 748 n. 16 (5th Cir.1967)

Unlike the full avoidance powers held by a trustee, § 522(h) limits a debtor's avoidance power to the extent the transfer involved exempt property. *In re Nielsen,* 197 B.R. 665, 672 (9th Cir. BAP 1996) (plain language of § 522(h) is clear that a debtor has avoidance powers only to the extent that the debtor could have exempted the property); *In re Jardine,* 120 B.R. 559, 562–63 (Bankr.D.Idaho 1990) (a chapter 13 debtor does not have full unilateral avoidance powers of a trustee, and to the extent of any equity over the exemption and any prior liens, the debtor may not seek to avoid the lien as a preference under § 522(h)).

Combined, § 522(g), (h) and (j) make clear that the Debtors may avoid the transfer of the Property only to the extent that they could have exempted the Property. Because the Debtors could only exempt $2,130 in value of the Property, the excess value would remain subject to the transfer to Plaza Centro.

### Conclusion

Because the Debtors have failed to establish that the Property is of a kind that they could have exempted from the estate if the trustee had avoided the transfer— one element necessary for a debtor to exercise the avoidance powers—the Debtors currently lack standing to maintain this action under § 522(h). Plaza Centro's motion to dismiss is granted.