# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2020

No. 19-10769

Lyle W. Cayce
Clerk

AUTOMATION SUPPORT, INCORPORATED, doing business as Technical Support; SOYOKAZE INCORPORATED,

> Plaintiffs - Appellees

v.

HUMBLE DESIGN, L.L.C.; WARREN DAVID HUMBLE,

> Defendant - Appellees

v.

TODD PHILLIPPI,

> Movant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-4455

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Automation Support, Inc. and Soyokaze, Inc. sued their former employees Becky Wallace and Warren Humble, as well as Humble's new

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10769

business, Humble Design, L.L.C.  The plaintiffs asserted breach of contract, breach of fiduciary duty, tortious interference with contract, misappropriation of trade secrets, and violations of the Texas Theft Liability Act.  The parties consented to have a magistrate judge conduct proceedings and enter judgment. *See* 28 U.S.C. § 636(c).

Eventually the parties filed a joint stipulation of voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The defendants then sought attorney's fees under the Texas Theft Liability Act and the Texas Uniform Trade Secrets Act, both of which entitle a prevailing defendant to fees and costs.  TEX. CIV. PRAC. & REM. CODE §§ 134.005(b), 134A.005(1).  The magistrate judge granted the motion and ordered the plaintiffs to pay $69,204.12.

Automation Support appealed that ruling as well as the denial of requests to vacate the judgment under Federal Rule of Civil Procedure 60.  We affirmed and remanded for an award of appellate attorneys' fees.  *Automation Support, Inc. v. Humble Design, LLC*, 734 F. App'x 211, 216 (5th Cir. 2018). The magistrate judge entered an additional fee award of $33,997.58.

Todd Phillippi, an attorney, and Billy and Renee McElheney, the plaintiff corporations' owners, then filed a Rule 60 motion for relief from the judgment.  Phillippi and the McElheneys asserted that they had a right to seek relief because the plaintiffs had assigned litigation rights to them and their property was used to fund the appeal bond.  The magistrate judge denied the Rule 60 motion.  Phillippi and the McElheneys filed repeated objections to the ruling.  Because Phillippi and the McElheneys were not parties to the case, the magistrate judge barred them from making additional filings other than a notice of appeal.

Not to be deterred, Phillippi and the McElheneys attempted to appeal to the chief judge of the district the magistrate judge's grant of attorney's fees

No. 19-10769

and order not to file more papers.  As the parties had consented to have the case heard by a magistrate judge, the district court ruled that any appeal of the magistrate judge's rulings must be made to the court of appeals.  Phillippi now appeals the district court's order to us.

"[A]n appeal from a judgment by a magistrate judge in a civil case must be filed in the same tribunal as any other district court judgment"—that is, in the appropriate circuit court of appeals.  FED. R. APP. P. 3(a)(3).  The district court thus correctly recognized that it lacked jurisdiction to hear an appeal of the magistrate judge's rulings.  An order noting that a party has filed an appeal to the wrong court is not an appealable final judgment.  Put another way, because the district court had no jurisdiction over the case, we lack jurisdiction to review its order.  *Cf. In re Stangel*, 219 F.3d 498, 500 (5th Cir. 2000) ("When the district court lacks jurisdiction over an appeal from a bankruptcy court, this Court lacks jurisdiction as well.").  To the extent that Phillippi seeks to appeal the magistrate judge's denial of his request for Rule 60 relief, or the underlying judgment awarding fees, this appeal was filed well beyond the 30-day deadline for appealing those rulings.  FED. R. APP. P. 4(a)(1)(A).

The appeal is DISMISSED for lack of jurisdiction.