**In re: Joseph Steven TAYLOR, III; Linda McCombs Taylor,**

**David M. Taylor; Michelle Taylor**

v.

**Joseph Stephen Taylor, III; Linda McCombs Taylor, Appellants.**

No. 07–3506.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 1, 2008.

Filed: Sept. 2, 2009.

Robert O. Lampl, Esq., Robert O. Lampl & Associates, Pittsburgh, PA, for Appellants.

Darlene M. Nowak, Esq., Marcus & Shapira, Pittsburgh, PA, for David M. Taylor; Michelle Taylor.

Before: FISHER, CHAGARES, and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Joseph and Linda Taylor (the "debtors") appeal from the District Court's order denying a motion for reconsideration. We hold that the District Court lacked jurisdiction, and we will therefore dismiss the appeal.

### I.

Because we write solely for the benefit of the parties, we will only briefly recite the essential facts.

On March 3, 2006, the Bankruptcy Court entered a default judgment against the debtors. On August 15, 2006, the debtors filed a motion to set aside that judgment. On August 18, 2006, the Bankruptcy Court entered an order denying the motion.

On August 28, 2006, the debtors filed a motion for reconsideration of the August 18, 2006 order. On October 6, 2006, the Bankruptcy Court entered an order denying the motion.

On October 16, 2006, the debtors filed a motion for reconsideration of the October 6, 2006 order. In that motion, the debtors made arguments substantially similar to the ones made in their first motion for reconsideration (filed on August 28, 2006). Compare Appendix ("App.") 176–80 with App. 133–34. On December 20, 2006, 357 B.R. 360, the Bankruptcy Court entered an order denying the motion.

On December 29, 2006, the debtors filed a notice of appeal of the December 20, 2006 order. The District Court heard the appeal on the merits and affirmed. The debtors then appealed the District Court's order to this Court.

### II.

We have an independent obligation to ensure that the District Court had jurisdic-

tion to review the matter presently on appeal. *United States v. Higgs*, 504 F.3d 456, 457 (3d Cir.2007) ("This court has an obligation to inquire *sua sponte* ... into the jurisdiction of the District Court to enter the order on appeal."). To this end, we must take it upon ourselves to evaluate the timeliness of the debtors' notice of appeal from the order denying their second motion for reconsideration, because "[t]he failure to file a timely notice of appeal [from a Bankruptcy Court order] creates a jurisdictional defect barring appellate review." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997).[1]

To be timely, a notice of appeal from a Bankruptcy Court order must be filed no later than 10 days after the order is entered. Fed. R. Bankr.P. 8002(a). But, filing a motion to amend or alter judgment under Fed.R.Civ.P. 59 re-starts the 10-day clock: the 10-day period begins to run *from the denial of the motion to amend or alter judgment.* Fed. R. Bankr.P. 8002(b)(2). A motion for reconsideration is generally treated as a motion to amend or alter judgment under Fed.R.Civ.P. 59. *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir.1984) (citing cases).

■ We have never squarely ruled upon whether, if the Bankruptcy Court denies a motion for reconsideration, and if the party who lost that motion files and loses a *second* motion for reconsideration—a motion to reconsider the order denying the first motion—the 10-day period "re-starts" and runs from the denial of that second motion. We have, however, considered a highly analogous situation.

A notice of appeal of a District Court order must be filed in the District Court no later than 30 days after the District Court enters the order. Fed. R.App. P. 4(a)(1)(A). Filing a motion to amend or alter judgment under Fed.R.Civ.P. 59, however, re-starts the 30-day clock: the

---

1. The creditors did not raise the timeliness of the debtors' notice of appeal from the Bankruptcy Court's order denying the second motion for reconsideration in any submissions to the District Court. In several decisions issued after our opinion in *Shareholders*, the Supreme Court held that certain Federal Rules which purport to prescribe mandatory filing conditions are not "jurisdictional" and that defenses based upon failure to comply with them can be waived. *See Bowles v. Russell*, 551 U.S. 205, 209–13, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007); *Eberhart v. United States*, 546 U.S. 12, 17–18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005); *Kontrick v. Ryan*, 540 U.S. 443, 452–56, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). *Shareholders*, however, remains good law.

We note that none of those Supreme Court cases considered Fed. R. Bankr.P. 8002(a). We also note that, unlike the rules held nonjurisdictional in those cases, Fed. R. Bankr.P. 8002(a)'s time limit has its roots in a congressionally-enacted statute, *see* Fed. R. Bankr.P. 8002 advisory committee's note (stating that Fed. R. Bankr.P. 8002 is an "adaptation" of Fed. R.App. P. 4(a)); *Bowles*, 551 U.S. at 213

[127 S.Ct. 2360] (explaining that Fed. R.App. P. 4(a)(1)(A)'s time limit for filing a notice of appeal from a District Court order is set forth in 21 U.S.C. § 2107)—a factor that the Supreme Court stated counsels in favor of holding the rule to be jurisdictional, *see Bowles*, 551 U.S. at 212–13 [127 S.Ct. 2360]. Therefore, *Shareholders* remains controlling precedent in this Circuit. In addition, every court of appeals to have addressed the jurisdictional status of Fed. R. Bankr.P. § 8002(a) in the wake of one or more cases from the *Bowles–Eberhart–Kontrick* trio has held that the rule is indeed jurisdictional. *See Wiersma v. Bank of the West*, 483 F.3d 933, 938 (9th Cir.2007); *In re Salem*, 465 F.3d 767, 774 (7th Cir.2006); *Siemon v. Emigrant Savs. Bank*, 421 F.3d 167, 169 (2d Cir.2005).

Finally, it should be noted that, when we directed the parties to file supplemental briefing on the issue of timeliness, including whether an untimely notice of appeal precludes appellate review, the debtors did not argue that Fed. R. Bankr.P. 8002(a) is not jurisdictional. They simply argued that the notice of appeal was timely under that rule. *See* Debtors Supp. Br. 1–3.

30–day period begins to run from the denial of the motion for reconsideration. Fed. R.App. P. 4(a)(4)(A)(iv). In *Turner,* we held that, if a district court denies a motion for reconsideration, and if the party who lost that motion files and loses a second motion for reconsideration, the 30–day clock does *not* re-start if "the factual and legal issues surrounding the [first] motion and the [second] motion are roughly similar...." 726 F.2d 112, 114 (3d Cir. 1984). We perceive no reason—and, in response to our request to file supplemental briefing on the timeliness issue, the debtors have not provided one—to treat the Bankruptcy Court context any differently.

We must dismiss the debtors' appeal if the second motion for reconsideration did not re-start the 10–day appeal period. This is because, if the second motion did not restart the 10–day appeal period, the debtors' notice of appeal was untimely[2], and if the notice of appeal was untimely, the District Court lacked jurisdiction and we must dismiss the appeal. *See, e.g., Okereke v. United States,* 307 F.3d 117, 121 (3d Cir.2002) (dismissing appeal after holding the district court lacked jurisdiction); *In re White Beauty View, Inc.,* 841 F.2d 524, 524 (3d Cir.1988) (same).

▮ The issue, then, is whether "the factual and legal issues surrounding the [first] motion and the [second] motion are roughly similar...." *Turner,* 726 F.2d at 114. We hold that they are. The debtors in the second motion sought essentially to re-argue the claims they made in the first motion. They added only one new claim, which was based upon the alleged incompetence of the attorney handling the first

motion. Compare App. 176–80 with App. 133–34.

The second motion for reconsideration, therefore, did not re-start the 10–day appeal period. Thus, the debtors' notice of appeal was untimely, and, as a result, the District Court lacked jurisdiction, so we must dismiss the appeal.

### III.

For the foregoing reasons, we will dismiss the appeal.

---

2. If the second motion did not re-start the 10–day appeal period, the debtors' notice of appeal was untimely because the 10–day appeal period would not have begun to run until October 6, 2006, and the notice of appeal was

filed more than a month later, on December 29, 2006.

