# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-30576

Lyle W. Cayce
Clerk

In the Matter of: SAM JUDE HOLLOWAY,

Debtor

KIM STANSBURY,

Plaintiff - Appellant

v.

SAM JUDE HOLLOWAY,

Defendant - Appellee

Appeal from the United States Bankruptcy Court
for the Western District of Louisiana, Opelousas-Lafayette Division

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is the second appeal to this court by Kim Stansbury ("Stansbury") regarding a bankruptcy court order denying Stansbury's motion to enforce a settlement agreement against Sam Holloway ("Holloway"), a Chapter 7 debtor. After we dismissed the original appeal for lack of jurisdiction, the parties sought

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30576

and received a certification for direct appeal to this court from the bankruptcy court pursuant to 28 U.S.C. § 158(d). After consideration of our jurisdiction over this appeal, we must dismiss, as we find that the sixty-day time period imposed on certification requests by 28 U.S.C. § 158(d)(2)(E) is jurisdictional, and the parties did not abide by that time frame.

## I. FACTS AND PROCEDURAL HISTORY

This suit arises out of a loan from Stansbury to a corporation in which both Stansbury and Holloway were shareholders. In exchange for the loan, Stansbury received a promissory note co-signed by Holloway. Holloway subsequently filed a Chapter 7 bankruptcy petition. After Holloway received his discharge, Stansbury filed a complaint in the bankruptcy court to determine dischargeability and a motion for relief from the order of discharge. The parties then engaged in several months of settlement negotiations. Stansbury contends that these negotiations resulted in an enforceable settlement agreement. Holloway disagrees, arguing that the parties never agreed on a material term—namely whether the settlement agreement would be entered as a consent judgment.

Stansbury eventually filed a motion in bankruptcy court to enforce the settlement agreement allegedly reached on July 28, 2008. The bankruptcy court denied the motion on November 18, 2008 after finding that, although the parties had agreed to the outlines and basic terms of the settlement agreement, the correspondence between the parties indicated that they had not agreed to a consent judgment. Therefore, the court found no meeting of the minds sufficient to create an enforceable settlement or compromise.

Stansbury filed an interlocutory appeal of the bankruptcy court's order in district court. The district court affirmed, finding no clear error in the bankruptcy court's holding as to a lack of a meeting of the minds. Stansbury then appealed to this court. We dismissed the interlocutory appeal for want of

2

No. 10-30576

jurisdiction and also vacated the district court's order for want of jurisdiction. *Stansbury v. Holloway (In re Holloway)*, 370 F. App'x 490 (5th Cir. 2010) (per curiam) (unpublished).[1]  After we dismissed the appeal, the parties requested that the bankruptcy court certify its original order for direct appeal to this court pursuant to 28 U.S.C. § 158(d).  The bankruptcy court granted the certification, and the parties then jointly moved for and received this court's permission to appeal.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 158(d), we have jurisdiction over direct appeals from interlocutory orders of a bankruptcy court if the bankruptcy court makes the appropriate certification and this court grants leave to appeal.  28 U.S.C. § 158(d)(2)(A); *Crosby v. OrthAlliance New Image (In re OCA, Inc.)*, 552 F.3d 413, 418 (5th Cir. 2008).  The bankruptcy court granted the parties' joint request for certification, and a panel of this court granted the parties' joint request for permission to appeal.  However, before we can reach the merits, we must confirm our own jurisdiction.  *See EOP-Colonnade of Dall. Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260, 265 (5th Cir. 2005) (per curiam) ("Neither party has raised jurisdictional issues, but we are obligated to raise the matter *sua sponte*, certainly where jurisdiction appears questionable.").  We thus address the question of whether the requirement in § 158(d)(2)(E) that a request

---

[1] We found we lacked jurisdiction on a number of fronts.  First, Stansbury failed to file a motion for leave to appeal as required under the Federal Rules of Bankruptcy Procedure. *In re Holloway*, 370 F. App'x at 493.  Further, we did not have appellate jurisdiction under 28 U.S.C. § 158(d)(2)(A)-(B), as Stansbury did not obtain a certification of the appeal from either the bankruptcy court or the district court.  *Id.*  Because the district court also lacked jurisdiction over the interlocutory order, 28 U.S.C. § 1292(b) could not provide us with jurisdiction.  *Id.* at 494.  Finally, we found that two of the three requirements for the collateral order exception to the final judgment rule were not met, as the order could not be separated from the merits and immediate review was not necessary to protect important interests.  *Id.*; *see also Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (establishing the requirements for the collateral order doctrine).

No. 10-30576

for certification be made within sixty days of the order sought to be appealed applies to this case and, if so, whether it restricts our jurisdiction. *See* 28 U.S.C. § 158(d)(2)(E) ("Any request under subparagraph (B) for certification shall be made not later than 60 days after the entry of the judgment, order, or decree."); *see also* 28 U.S.C. § 158(d)(2)(B) ("If the bankruptcy court, the district court, or the bankruptcy appellate panel—(i) on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).").

We first reject Stansbury's argument that the bankruptcy court certified the order under § 158(d)(2)(A) and, therefore, the sixty-day requirement does not apply to this appeal. A review of the record reveals that the parties requested certification pursuant to § 158(d)(2)(B). Although the bankruptcy court's order certifying the appeal referenced subsection (A), the order was not entered sua sponte, it was entered in response to the parties' request and did not meet the requirements for a sua sponte order.[2] Thus, the sixty-day requirement prescribed in § 158(d)(2)(E) applies. As the bankruptcy court issued the order sought to be appealed in November 2008, and the parties did not request certification until May 2010, they did not follow the statutory time frame.

---

[2] We also note that, while a court may certify an appeal on its own initiative, Federal Rule of Bankruptcy Procedure 8001(f)(4)(A) states that such a certification must "be made in a separate document served on the parties . . . . The certification shall be accompanied by an opinion or memorandum that contains the information required [by subsection (f)(3)(c)] . . . ." FED. R. BANKR. P. 8001(f)(4)(A). The required information includes the facts, the question presented, the relief sought, the reasons why the appeal is authorized by statute, and an attached copy of the order. FED. R. BANKR. P. 8001(f)(3)(C). The bankruptcy court did not provide the required opinion or memorandum, further confirming to us that the court certified the order per the parties' request, not on its own initiative.

4

No. 10-30576

After reviewing the parties' supplemental briefing and recent Supreme Court jurisprudence, we find that the sixty-day requirement in § 158(d)(2)(E) is jurisdictional. Recent decisions of the Supreme Court have "recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute." *Bowles v. Russell*, 551 U.S. 205, 210 (2007). We note that "[a] statutory condition that requires a party to take some action before filing a lawsuit is not automatically 'a *jurisdictional* prerequisite to suit.'" *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added)). However, none of the Supreme Court's recent decisions "call[] into question [the] longstanding treatment of statutory time limits for taking an appeal as jurisdictional." *Bowles*, 551 U.S. at 210. Here, the sixty-day time limit not only constitutes an explicit statutory limitation on a party's ability to request certification, but that time limit is also set forth in the same subsection of the statute that provides us with jurisdiction. *See* 28 U.S.C. § 158(d); *see also Emann v. Latture (In re Latture)*, 605 F.3d 830, 837 (10th Cir. 2010) (finding that a timeliness condition in 28 U.S.C. § 158(c)(2) was jurisdictional and noting that the condition was located in the same section that granted the district court jurisdiction to hear appeals).[3] Because "time limits for filing a notice of appeal have been treated as

---

[3] The procedural rules associated with 28 U.S.C. § 158(d) state that an appeal authorized by an appellate court under § 158(d)(2)(A) is taken as prescribed in Rule 5 of the Federal Rules of Appellate Procedure. Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23. Rule 5 provides that a district court may amend its order at any time to include the required permission or statement necessary for a party to petition for appeal, and the time to petition runs from the entry of the *amended order*. FED. R. APP. P. 5(c). In 28 U.S.C. § 1292 cases, we have held that failure to file for permission to appeal within the ten-day time limit prescribed by § 1292 constitutes a jurisdictional bar unless the district court vacates and reenters its certification order under § 1292(b). *See Aucoin v. Matador Servs., Inc.*, 749 F.2d 1180, 1181 (5th Cir. 1985); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1112 (5th Cir. Unit A Apr. 1981). Here, the statutory requirement that a party seek certification from the bankruptcy court within sixty days is distinguishable from the requirements for a petition for permission to appeal. In any event, the bankruptcy court simply granted the parties' certification request. We find no indication

No. 10-30576

jurisdictional in American law for well over a century," *Bowles*, 551 U.S. at 210 n.2, we believe that the sixty-day time limit imposed by § 158(d)(2)(E) is jurisdictional.[4]

As the sixty-day time period limits our jurisdiction, we also note that we may not use equitable powers to relieve the parties here from the statutory requirements for proper certification. *Id.* at 216 ("[I]f a limit is taken to be jurisdictional, waiver becomes impossible, meritorious excuse irrelevant (unless the statute so provides), and *sua sponte* consideration in the court of appeals mandatory . . . ." (citation omitted)); *Stone v. INS*, 514 U.S. 386, 405 (1995) (stating that time limits imposed by statutory provisions specifying timing for review are mandatory and jurisdictional and are not subject to equitable tolling); *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001) (per curiam) ("Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress."). Similarly, nothing in the statute suggests that the uncertified first appeal tolls the sixty-day period. Construing the statute in this manner would allow an end-run around the sixty-day requirement. Because the parties requested certification from the bankruptcy

---

that the bankruptcy court amended or reentered its original order, nor do we decide whether such actions could re-trigger the time limit in 28 U.S.C. § 158(d)(2)(E).

[4] We have little guidance as to the jurisdictional nature of the time limit in § 158(d)(2)(E). We have held that certain procedures for making the statutory certification under § 158(d) are established by the Federal Rules of Bankruptcy Procedure. *See AD HOC Group of Timber Noteholders v. Pac. Lumber Co. (In re Scotia Pac. Co.)*, 508 F.3d 214, 219 (5th Cir. 2007) (stating that Interim Federal Rule of Bankruptcy Procedure 8001(f) provides certification procedures under § 158(d), such as the requirement that a bankruptcy court shall make the certification while the matter is pending in the bankruptcy court). Technical noncompliance with the procedures described by Rule 8001(f), a court-promulgated rule, may not necessarily deprive us of jurisdiction. *Id.*; *see also* FED. R. BANKR. P. 9030 ("These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein."). However, Rule 8001(f) specifically states that a request for certification must be filed within the time specified by 28 U.S.C. § 158(d)(2), thus leading us back to the *statutory* sixty-day requirement prescribed in § 158(d)(2)(E).

6

No. 10-30576

court under § 158(d)(2)(B) outside of the sixty-day time period prescribed by § 158(d)(2)(E), we find we have no jurisdiction over this appeal.  We recognize that this is an unsatisfying result for the parties, but lack of jurisdiction cannot be waived.  DISMISSED.

Judge Stewart concurs in the judgment only.