# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50154

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

In the Matter of:    IRIS BERMAN-SMITH; CHARLES R. SMITH,

Debtors

-----------------------------------------------------------------------------------------------------

CHARLES R. SMITH,

Appellee Cross-Appellant

v.

C. DAVID GARTLEY; HARVEY E. GARTLEY,

Appellants Cross-Appellees

Appeals from the United States District Court
for the Western District of Texas

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:

C. David Gartley and Harvey E. Gartley filed this adversary proceeding in bankruptcy court against their former business partner, Debtor Charles R. Smith and his wife and Co-Debtor, Iris Berman-Smith.  Over the course of the bankruptcy proceedings, the bankruptcy court determined that Smith, but not Berman-Smith, was liable to the Gartleys for fraud, that the damages arising out of his liability amounted to approximately $2.7 million, and that the debt from these damages was nondischargeable under 11 U.S.C. § 523(a)(2) & (4).

No. 13-50154

Smith appealed to the district court, and the district court vacated the decision of the bankruptcy court and remanded the case because it found the factual findings and legal conclusions insufficient for review. The bankruptcy court issued written findings of fact and conclusions of law, and Smith again appealed. The district court affirmed most of the bankruptcy court's decision but vacated and remanded in part for a recalculation of the damage award and nondischargeable debt amount. The Gartleys timely appealed to this court. Because the district court did not have jurisdiction to hear Smith's appeal, we dismiss this appeal for lack of jurisdiction, vacate the decision of the district court, and remand to the district court with instructions to dismiss the appeal to that court for lack of jurisdiction.

## I.     Factual & Procedural Background

Charles R. Smith and Kenneth Martin formed Mediacom, L.L.C., and induced C. David Gartley and Harvey E. Gartley to invest in the company by misrepresenting their finances, business plan, and prior accomplishments at another (insolvent) company. The Gartleys eventually realized the extent of Smith's deception and filed a lawsuit (with Mediacom) in Texas state court against Smith and others alleging, inter alia, fraud. The Gartleys and Mediacom settled the lawsuit with Smith and Martin, but the settlement ultimately collapsed, prompting the Gartleys and Mediacom to file a second state court lawsuit on August 25, 2003, alleging the same claims.

Ten days before the trial date in the second state court action, Smith and his wife, Berman-Smith, filed for bankruptcy under Chapter 7. On September 7, 2007, the Gartleys, but not Mediacom, initiated in bankruptcy court the adversary proceeding which is the subject of this appeal, objecting to the discharge of debts under 11 U.S.C. § 523(a)(2)(A)–(B) and (a)(4). The Gartleys' amended complaint included eight claims: (1) common law and statutory fraud; (2) violation of the Texas Theft Liability Act; (3) misappropriation of funds; (4)

No. 13-50154

violation of the Texas Security Act; (5) civil conspiracy; (6) breach of contract; (7) indemnity and contribution; and (8) objection to discharge under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(4).

On January 21, 2009, following a bench trial, the bankruptcy court announced its findings of fact and conclusions of law orally at a hearing ("2009 Findings"). It found for the Gartleys on Counts One, Six, and Eight as to Smith only, and for Smith and Berman-Smith on Counts Two, Three, Four, Five, and Seven. On April 22, 2009, the bankruptcy court entered a final judgment to that effect.

Smith timely appealed the judgment of the bankruptcy court to the United States District Court for the Western District of Texas. In March 2011, the district court held that it could not "conduct a meaningful review based on the fact findings and conclusions of law" issued by the bankruptcy court. The district court vacated the judgment of the bankruptcy court and remanded the case for additional fact-finding and legal analysis.

On remand, the bankruptcy court issued additional written findings of fact and conclusions of law ("2012 Additional Findings"), addressing the Gartleys' claims and Smith's defenses. The order incorporated the 2009 Findings and held, in part, that Smith was liable for common law fraud and fraud by omission and that the Gartleys suffered $2,657,000 in damages from Smith's fraudulent misrepresentations. However, unlike the 2009 Findings, the bankruptcy court no longer held Smith liable for Count Six, breach of contract. The bankruptcy court further concluded in the 2012 Additional Findings that the Gartleys' judgment against Smith constituted nondischargeable debt under 11 U.S.C. § 523(a)(2)(A) & (B). The next day, on February 17, 2012, the bankruptcy court entered a separate Final Judgment in favor of the Gartleys against Smith for the reasons stated in the 2009 Findings and the 2012 Additional Findings. The judgment was for $2,657,000,

No. 13-50154

plus interest, and it stated that the damage award was nondischargeable under 11 U.S.C. § 523(a)(2) & (a)(4).

On March 19, 2012, thirty days after the bankruptcy court entered its final judgment, Smith appealed to the district court a second time. The district court affirmed the decision in part and "vacated and remanded for proceedings to determine the judgment debt based on fraud only." The Gartleys timely filed the present appeal, and Smith timely cross-appealed.[1] In their reply, the Gartleys argued for the first time that the district court lacked jurisdiction to hear the second appeal from the bankruptcy court because Smith had not filed a timely notice of appeal. Smith filed a letter brief in opposition, arguing that the district court had jurisdiction to hear the appeal.

## II.     Standard of Review

We review de novo a district court's determination that a bankruptcy court had jurisdiction over a dispute. *Bass v. Denney (In re Bass),* 171 F.3d 1016, 1021 (5th Cir. 1999). Jurisdiction may not be waived, and federal appellate courts have a special obligation to consider not only their own jurisdiction, but also that of the lower courts. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012). Thus, although the district court did not consider whether it had jurisdiction to consider the appeal, we may do so now.

## III.     Discussion

A district court has jurisdiction to hear appeals from final judgments of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). An appeal to the district court "shall be taken in the same manner as appeals in civil proceedings generally

---

[1] Smith argues that this court lacks jurisdiction to consider the appeal from the district court on the ground that the district court's order remanding the case was not a final, appealable order. Because we find that the district court lacked jurisdiction to hear the case, and, thus, we lack jurisdiction, we do not reach Smith's argument.

4

No. 13-50154

are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id.* § 158(c)(2). Federal Rule of Bankruptcy Procedure 8002(a) specifies that the notice of appeal must be filed within fourteen days of the date of entry of the judgment or order being appealed. In 2000, we held that when an appeal to the district court is untimely under Rule 8002(a), the district court lacks jurisdiction over the appeal. *Stangel v. United States (In re Stangel)*, 219 F.3d 498, 500 (5th Cir. 2000). "When the district court lacks jurisdiction over an appeal from a bankruptcy court, this Court lacks jurisdiction as well." *Id.* (citing *In re Don Vicente Macias, Inc.*, 168 F.3d 209, 211 (5th Cir. 1999)); *see also Aguiluz v. Bayhi (In re Bayhi)*, 528 F.3d 393, 401 (5th Cir. 2008) (applying *In re Stangel* and holding that Rule 8002(a) is jurisdictional).

After we handed down *In re Stangel*, a series of Supreme Court cases reconsidered whether the failure to file timely notices of appeal in different contexts amounts to a jurisdictional bar to review. In *Kontrick v. Ryan*, 540 U.S. 443 (2004), the Court unanimously held that, because procedural rules are adopted by courts rather than by Congress, deadlines contained in rules are not jurisdictional. Accordingly, the Court determined that Federal Rule of Bankruptcy Procedure 4004(a), which sets the time within which a party must file an objection to a debtor's discharge, is not jurisdictional. *Id.* at 447. Thus, a creditor's failure to file a timely objection did not render the bankruptcy court without jurisdiction to hear the case on the merits, because the debtor did not raise the time bar in its answer or responsive pleading. *Id.* at 458–59 ("Ordinarily, under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer." (citing Fed. R. Bankr. P. 7012(b))).

Three years later, in *Bowles v. Russell*, 551 U.S. 205 (2007), the Court considered whether an extension of time to file an appeal of a district court's

decision to a court of appeals was jurisdictional. The Court first clarified that the thirty-day time limit to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) is jurisdictional because the time limit is expressly contained in 28 U.S.C. § 2107(a). *Id.* at 211. Likewise,

> Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c) . . . . As we have long held, when an "appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." Bowles' failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction.

*Id.* at 213 (internal citation omitted). The Supreme Court explained that interpreting statutory timelines as jurisdictional "makes good sense." *Id.* at 212. Since "Congress decides what cases the federal courts have jurisdiction to consider[,] . . . it can also determine when, and under what conditions, federal courts can hear them." *Id.* at 212–13.

*Kontrick* and *Bowles* require this court to re-evaluate whether the fourteen-day time limit to file a notice of appeal in Rule 8002(a) is jurisdictional. At least on the face of it, *Kontrick* appears to hold that the time limits outlined in the Federal Rules of Bankruptcy Procedure are not jurisdictional; therefore, if a party does not raise the time bar immediately in a responsive pleading, the court may not consider the issue. However, *Bowles* clarifies that when a time limit is mandated by Congress, that time limit is jurisdictional and may be considered at any time as a bar to review.

This court has not expressly reconsidered *In re Stangel*'s holding that Rule 8002(a) is jurisdictional in light of *Kontrick* and *Bowles*. However, in the wake of these cases, the Bankruptcy Appellate Panel for the Tenth Circuit addressed this very issue and held the Rule 8002(a) is jurisdictional. *See Hatch Jacobs, LLC v. Kingsley Capital, Inc. (In re Kingsley)*, 423 B.R. 344, 348 (B.A.P. 10th Cir. 2010). *In re Kingsley* begins its analysis with the appellate court's

6

statutory grant of jurisdiction, 28 U.S.C. § 158(c)(2), which "provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts *and in the time provided by Rule 8002 of the Bankruptcy Rules.*'" *Id.* at 351 (emphasis in original). Since the Rule governing the time for appeal is expressly referenced by Congress in the jurisdictional statute, *In re Kingsley* concludes that the time limit is jurisdictional. The court considered the fact that the statute at issue, 28 U.S.C. § 158, does not contain an express time parameter like the statute at issue in *Bowles*, but it "consider[ed] this to be a distinction without a difference." *Id.* Since § 158(c)(2) "specifically adopts the time parameters of Rule 8002," and since "timely filing a notice of appeal in a bankruptcy case has historically been considered a jurisdictional requirement," the court held "the timely filing of a notice of appeal pursuant to § 158(c)(2) and Rule 8002 to be a jurisdictional requirement that cannot be waived." *Id.*

Two years later, the Tenth Circuit reaffirmed *In re Kingsley* and elaborated on its analysis. *See Emann v. Latture (In re Latture)*, 605 F.3d 830, 836 (10th Cir. 2010). *In re Latture* reasons that the notice of appeal requirement is jurisdictional because "Congress did explicitly include a timeliness condition in 28 U.S.C. § 158(c)(2)—the requirement that a notice of appeal be filed within the time provided by Rule 8002(a)." *Id.* at 837. The Tenth Circuit emphasizes that "the timeliness requirement contained in Section 158(c)(2) is located in the same section granting the district courts and bankruptcy appellate courts jurisdiction to hear appeals from bankruptcy courts—Section 158(a)–(b)."[2] *Id.* The court also explains that "the Advisory

---

[2] In *Stansbury v. Holloway (In re Holloway)*, 425 F. App'x 354, 357 (5th Cir. 2011) (unpublished) (per curiam), we held that the sixty-day requirement in § 158(d)(2)(E) for a bankruptcy court's certification of an order was jurisdictional. In so doing, we cited *In re Latture* for the proposition that a time limit is jurisdictional when it is set forth in the same subsection of a statute that provides the court with jurisdiction. *Id.*

No. 13-50154

Committee Notes accompanying Rule 8002(a) state that the rule 'is an "adaptation" of Fed. R. App. P. 4(a),' which was the very rule addressed in *Bowles*." *Id.* (citing *Taylor v. Taylor (In re Taylor)*, 343 F. App'x 753, 755 n.1 (3d Cir. 2009) (unpublished)). Furthermore, it notes that "all circuits prior to *Kontrick* and its progeny uniformly treated Rule 8002(a) as jurisdictional." *Id.*

The Third Circuit appears to be the only other circuit to have considered the impact of *Kontrick* and *Bowles* on the jurisdictional implications of the failure to timely file a notice of appeal under Rule 8002(a).[3] It adopted the reasoning of *In re Latture* and likewise held that Rule 8002(a) is jurisdictional. *In re Caterbone*, 640 F.3d 108, 113 n.5 (3d Cir. 2011).

One district court has addressed the same issue and held that Rule 8002(a) is not jurisdictional. In *Felix v. Felix*, No. 09-6262, 2009 WL 3711483 (E.D. La. Nov. 3, 2009), the district court interprets *Kontrick* broadly to hold that all time limits in the Bankruptcy Rules are not jurisdictional. *Id.* at *2. *Felix* does not address the fact that Rule 8002(a), unlike Rule 4004, which was at issue in *Kontrick*, is expressly cited by Congress in the text of § 158(c). Instead, *Felix* concludes that interpreting Rule 8002(a) as jurisdictional conflicts with Federal Rule of Bankruptcy Procedure 9030, which states: "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein." *Id.* (quoting Fed. R. Bankr. P. 9030); *see also Kontrick*, 540 U.S. at 453–54 (citing Rule 9030 in support of its conclusion that Rule 4004 is a "claim-processing" rule, and not jurisdictional).

*In re Latture* addressed the application of Rule 9030, opining that it does not limit the jurisdictional nature of Rule 8002(a). 605 F.3d at 837. It concedes

---

[3] Other circuits continue to treat the untimely filing of a notice of appeal under Rule 8002(a) as a jurisdictional bar to review following the *Kontrick* and *Bowles* without referring to either case. *See Smalls v. Colasanti & Iurato, LLP (In re B.A.R. Entm't Mgmt.*), 414 F. App'x 310 (2d Cir. 2010) (unpublished); *Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007).

that "bankruptcy rules *alone* cannot create or withdraw jurisdiction," but differentiates the notice of appeal requirement in Rule 8002(a) from other Rules by explaining that

> Here, however, it is Section 158(c)(2) that is determining jurisdiction by incorporating the time limits prescribed in Rule 8002(a). Indeed, the Court in *Bowles* went so far as to say that "Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits." Authorizing courts to make exceptions to jurisdictional time limits is effectively the same as authorizing courts to set the time limit in the first instance. For this reason, Rule 9030 does not alter our conclusion that Rule 8002(a) warrants jurisdictional treatment.

*Id.* (internal citations omitted). This argument reinforces the need to look beyond the Rule and to the statute. Here, it is not the Rule alone that is limiting jurisdiction, it is Congress. Since the statute is the source of the jurisdictional limitation, Rule 9030 does not control.

We find the Tenth Circuit's reasoning in *In re Latture* persuasive. Since the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional. Accordingly, *In re Stangel* remains good law, and the failure to file a timely notice of appeal in the district court leaves the district court, and this court, without jurisdiction to hear the appeal. The proper remedy in such a situation is to vacate the decision of the district court and remand with instructions to dismiss the appeal. [4]    *See Hollingsworth v. Perry*, --- U.S. ---, 133 S. Ct. 2652, 2668 (2013).

---

[4] Smith argues that his notice of appeal was timely. He claims that the bankruptcy court failed to file a separate document setting out the final judgment, and since none was entered, he had one hundred and fifty days to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(7). This argument is patently incorrect. The bankruptcy court entered a separate Final Judgment, beginning the fourteen-day clock for filing a notice of appeal.

No. 13-50154

## IV.    Conclusion

For the aforementioned reasons, we DISMISS this appeal for lack of jurisdiction, VACATE the judgment of the district court, and REMAND to district court with instructions to dismiss the appeal to that court for lack of jurisdiction.

---

Smith also suggests that the district court retained jurisdiction over the case following its first remand to the bankruptcy court.  Smith offers no legal support for the proposition that once a district court hears an appeal from a bankruptcy court and remands the case to the bankruptcy court for further findings, the district court retains jurisdiction over subsequent appeals absent an explicit retention of jurisdiction.  Likewise, the procedural history of the case undermines Smith's theory and indicates that the district court never intended to retain jurisdiction.