# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2015

Lyle W. Cayce
Clerk

No. 15-40435
Summary Calendar

In the Matter of:   ASARCO, L.L.C., Et Al,

       Debtor

-------------------------------

AUTRY EARL BARNEY,

       Appellant

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CV-58

---

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Pro se Appellant Autry Earl Barney appeals the district court's order dismissing his appeal from the bankruptcy court.  Because the district court correctly concluded that Barney's notice of appeal was not timely filed, the district court lacked jurisdiction to hear the appeal.  Accordingly, we AFFIRM the order dismissing the appeal.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40435

## I. FACTUAL AND PROCEDURAL BACKGROUND

Autry Earl Barney's pro se appeal arises from the bankruptcy proceedings of ASARCO, L.L.C.  Barney reports that he alleged that ASARCO exposed him to asbestos and that he is currently suffering from asbestosis and other physical disorders as a result of this exposure.  He further reports that he sought $150,000 in damages from ASARCO as compensation.  On January 15, 2015, Barney filed a notice of appeal with the United States District Court for the Southern District of Texas.  While Barney was ostensibly appealing an order of the bankruptcy court, he did not identify which order he was appealing, and no entry on the bankruptcy court's docket sheet in the two months prior to January 15, 2015, mentions Barney.

On March 4, 2015, the district court dismissed Barney's appeal under the Federal Rules of Bankruptcy Procedure.  The court explained that the notice of appeal was filed more than fourteen days after the entry of any order by the bankruptcy court and was thus filed outside the time period allowed by Rule 8002(a)(1).  The district court also held that dismissal was proper because Barney failed to comply with three other requirements specified in the Federal Rules of Bankruptcy Procedure.  Barney filed a motion for reconsideration on March 19, 2015, and the district court denied that motion on March 25, 2015, for the same reasons that it originally dismissed Barney's case.  Barney timely appealed from the order on the motion for reconsideration on April 1, 2015.

## II. STANDARD OF REVIEW

Although it was not stated explicitly by the district court, Barney's failure to comply with the time limit in Rule 8002(a)(1) deprived the district court of jurisdiction to hear the appeal.  *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) (holding that a district court may not hear an appeal from a bankruptcy court if the notice of appeal was not filed within the time limit set by Rule 8002(a)).  "Federal courts must be assured of their subject matter

No. 15-40435

jurisdiction at all times and may question it sua sponte at any stage of judicial proceedings." *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999). We review de novo whether a district court had jurisdiction to hear an appeal from a bankruptcy court. *Id.* "Jurisdiction may not be waived, and federal appellate courts have a special obligation to consider not only their own jurisdiction, but also that of the lower courts." *In re Berman-Smith*, 737 F.3d at 1000.

## III. DISCUSSION

Rule 8002(a)(1) requires that a "notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). The Supreme Court explained in *Kontrick v. Ryan*, 540 U.S. 443, 452–56 (2004), that time limits contained in procedural rules adopted by courts, rather than by Congress, are not jurisdictional. In *Bowles v. Russell*, 551 U.S. 205, 213 (2007), the Court clarified that time limits included in statutes are jurisdictional because Congress can determine "when, and under what conditions, federal courts can hear [cases]." *Id.* Based on these decisions, we held in *In re Berman-Smith*, 737 F.3d at 1003, that "[s]ince the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002 . . . the time limit is jurisdictional." *Id.*

In this case, Barney filed a notice of appeal on January 15, 2015, but prior to that date, the bankruptcy court had entered no orders, judgments, or decrees, in the preceding fourteen days. Thus, Barney's notice of appeal was untimely, and the district court properly dismissed the appeal under Rule 8002(a)(1). Because we find that the district court properly dismissed the case for lack of jurisdiction, we need not consider the other reasons given by the court for dismissal. However, we note that, assuming the district court had

3

No. 15-40435

jurisdiction, we find no error in the district court's additional reasons for dismissing Barney's case under the Federal Rules of Bankruptcy Procedure.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED. Barney's motion to proceed in forma pauperis is DENIED.