# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20388
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2019

Lyle W. Cayce
Clerk

In the Matter of:  HOUSTON BLUEBONNET, L.L.C.,

    Debtor

JENNIE KAY LYLE BIERSCHEID, Executrix of the Estate of Kenneth R. Lyle, Deceased; LYLE ENGINEERING COMPANY; HOUSTON BLUEBONNET, L.L.C.; E&H, L.P.; AMERICAN UNIVERSAL INVESTMENT COMPANY; ESTHER SUCKLE, Trustee of the Suckle 1999 Living Trust,

    Appellants

v.

HENRY R. HAMMAN; THE GEORGE AND MARY JOSEPHINE HAMMAN FOUNDATION; LAURA HAMMAN FAIN; ELIZABETH HAMMAN OLIVER,

    Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3422

No. 18-20388

Before JOLLY, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:*

This appeal asks us to wade through the cobwebs of Texas oil and gas history, interpreting 1913 and 1920 leases and a 1934 state supreme court decision to determine who today owns an interest in oil proceeds. Tantalizing as that prospect is, we must decline. The bankruptcy court only decided liability. With more work to be done in the adversary proceeding, it has not yet entered a final judgment. As a result, there was no basis for appealing the liability ruling first to the district court and now to the court of appeals.

I.

Ima Hogg, the daughter of a Texas governor who became known in her own right as the "First Lady of Texas" for philanthropic work, executed an oil and gas lease to John Hamman (and various associated parties) in 1913. The Hammans turned and assigned the lease to Producers Oil Company, keeping a one-eighth interest in the net proceeds of the sale of any oil for themselves. The Hogg lease covered over 700 acres, but subsequent assignments subdivided it. In 1919, the 20-acre plot at issue here was assigned to Humble Oil & Refining Company (a company co-founded by Ross Sterling, who went on to become, like "Big Jim" Hogg, governor of Texas). The Hammans, owners of the one-eighth interest, tussled with Humble at some point until a 1920 settlement agreement resolved their contention.

Almost a century later, the successors of the Hammans sued the successors of Humble's interest in state court, claiming that they are still entitled to net proceeds from the 20 acres. One of the defendants, Houston

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 18-20388

Bluebonnet, filed for bankruptcy and the case was removed to the bankruptcy court. Another defendant, Kenneth Lyle,[1] moved for summary judgment and the plaintiffs cross-moved. The bankruptcy court determined that the Hammans continued to hold the one-eighth interest and granted partial summary judgment in their favor. But that ruling did not award a remedy to the Hammans or even result in a declaration of rights. Before the bankruptcy court proceeded to those matters, Lyle appealed. The district court summarily affirmed.

## II.

There are two primary paths to appealing a bankruptcy court ruling. *See* 28 U.S.C. § 158(a). Appeals can be taken from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Appeals of interlocutory orders are also allowed "with leave of the [district] court." *See* 28 U.S.C. § 158(a)(3).[2]

The bankruptcy court's grant of a partial summary judgment in favor of the Hammans did not result in a final judgment. That is why it was "partial"; it only answered who owned the disputed interest without deciding any potential remedy. No final judgment was entered in the adversary proceeding. Developments in the bankruptcy court after the filing of the appeal show that this was no clerical error. A subsequent summary judgment motion has been filed as there are more questions to answer before resolving the litigation. In response to our request for supplemental briefing on the jurisdictional question, appellants note that if we were to reverse the summary judgment rulings and interpret the contract in favor of Lyle, then the litigation would be at an end. But that is typically true of a decision denying a defendant's request for summary judgment, yet such rulings are not appealable final judgments.

---

[1] After Lyle's death, Jennie Bierschied, the executrix of his estate, came into the case.
[2] Section 158(a)(2) permits interlocutory appeals in a situation not present here.

No. 18-20388

The finality rule is relaxed in bankruptcy, *In re ASARCO, L.L.C.*, 650 F.3d 593, 599–600 (5th Cir. 2011), but that relaxation does not extend to the classic interlocutory orders appellants are asking us to review.

Appellants could have asked the district court to authorize an interlocutory appeal, *see* FED. R. BANKR. P. 8004, but they did not. And the district court's ruling on the appeal does not count as an implicit authorization. *In re Delta Produce, L.P.*, 845 F.3d 609, 618 (5th Cir. 2016) (holding that the district court must expressly exercise its discretion to allow an interlocutory appeal). Both parties ask now for a limited remand so can they can request the authorization from the district court. But because the district court opinion issued without that jurisdictional prerequisite, we must vacate the decision. *See id.* at 618.

Both sides bemoan the inefficiency of this result for their lawsuit. But in the grand scheme of things, the final judgment rule promotes efficiency by eliminating the delay caused by piecemeal appeals. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Indeed, the bankruptcy court would have likely wrapped up this adversary proceeding in the time this unauthorized interlocutory appeal has been pending. But whatever the impact of the final judgment rule on efficiency in a particular case, we cannot pick and choose when to honor this fundamental principle of appellate jurisdiction.

\* \* \*

We VACATE the judgment of the district court and REMAND with instructions to dismiss the appeal. *Delta Produce*, 845 F.3d at 618 (citing *Smith v. Gartley*, 737 F.3d 997, 1003 (5th Cir. 2013)).