# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2022

Lyle W. Cayce
Clerk

No. 21-20353
Summary Calendar

In the Matter of: Exco Services, Incorporated

*Debtor*,

Nkrumah Al-Omar; Eunice Hall,

*Plaintiffs—Appellants*,

*versus*

EXCO Services, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3058

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20353

Appellants Nkrumah Al-Omar and Eunice Hall appeal *pro se* the district court's dismissal of their bankruptcy appeal for failure to file an appellate brief as required by Federal Rule of Bankruptcy Procedure 8018(a). Finding that we lack jurisdiction, we DISMISS the appeal.

In January 2018, EXCO Services, Inc. voluntarily filed for Chapter 11 bankruptcy. The appellants, who hold royalty interests in two Louisiana oil and gas leases with EXCO, responded by filing claims against EXCO for unpaid royalties and special damages. In January 2020, the bankruptcy court entered an order finding that EXCO had made all required royalty payments but that the appellants were entitled to interest on certain late payments and to costs associated with representing themselves. The court ordered the parties "to calculate the interest and fees, and to submit a proposed form of order that [was] consistent with [its] opinion."

In August 2020, EXCO submitted a proposed order setting forth its calculations of the interest and costs owed to the appellants. Before the bankruptcy court entered its own order, the appellants filed a notice of appeal from EXCO's proposed order.[1] The district court docketed their appeal in November 2020 but then dismissed it six months later, after finding that the appellants had failed to file an opening brief as required by Federal Rule of Bankruptcy Procedure 8018(a). The appellants now appeal that dismissal,

---

[1] After the appellants appealed EXCO's proposed order, the bankruptcy court entered a final order adjudicating the amount of interest and costs owed. The appellants also appealed that order in October 2020, and the district court affirmed. The appellants then appealed to this court and we affirmed. *See In re EXCO Servs., Inc.*, No. 21-20078, 2021 WL 5985068, at *1 (5th Cir. Dec. 16, 2021) (unpublished). Although we dismiss the present appeal on jurisdictional grounds, we also note that our decision in the separate appeal addressing the bankruptcy court's final order renders the appellants' appeal in this case moot. *See id.*

contending "that a brief was sent to the [d]istrict [c]ourt on two separate occasions."

"Before reviewing the merits of any dispute, we have a duty, *sua sponte*, to determine whether we have appellate jurisdiction over the matter." *Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993). We have held that "[w]hen the district court lacks jurisdiction over an appeal from a bankruptcy court, this [c]ourt lacks jurisdiction as well." *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) (quoting *In re Stangel*, 219 F.3d 498, 500 (5th Cir. 2000)).

The district court has "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings" before the bankruptcy court. 28 U.S.C. § 158(a). The appellants did not appeal from a bankruptcy court's final judgment, order, or decree; they appealed from a proposed order that was submitted by EXCO but never actually entered by the bankruptcy court. The district court thus lacked jurisdiction to hear the appellants' bankruptcy appeal. *See id.* Because the district court lacked jurisdiction, this court lacks jurisdiction as well. *See Berman-Smith*, 737 F.3d at 1003.

Accordingly, the appeal is DISMISSED for lack of jurisdiction.