**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 20-2309**

───────────

In re:  GREGORY B. MYERS,

> Debtor.

----------------------------------

OFFIT KURMAN, P.A.,

> Plaintiff - Appellee,

and

ROGER SCHLOSSBERG,

> Trustee - Appellee,

and

SERV TRUST,

> Defendant,

v.

GREGORY B. MYERS,

> Debtor - Appellant,

and

BARBARA ANN KELLY,

> Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:18-cv-02536-PX)

_____

Submitted:  April 18, 2024                                    Decided:  May 30, 2024

_____

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Laurin H. Mills, Brian P. Donnelly, WERTHER & MILLS, LLC, Alexandria, Virginia, for Appellant Barbara Ann Kelly; Gregory B. Myers, Appellant Pro Se.  Frank J. Mastro, SCHLOSSBERG | MASTRO, Hagerstown, Maryland, for Appellee Roger Schlossberg, Trustee.  Gregory P. Johnson, OFFIT KURMAN, P.A., Columbia, Maryland, for Appellee Offit Kurman, P.A.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Ann Kelly and Gregory B. Myers ("Appellants") appeal the district court's order dismissing their bankruptcy appeal for failure to comply with the court's order directing them to request an official transcript from the official court reporter and file a corrected opening brief using the official transcript. On appeal, they contest the propriety of the district court's dismissal order and they seek to challenge the bankruptcy court's order approving the sale of a parcel of property. We affirm in part and dismiss in part.

To the extent Appellants seek to appeal the bankruptcy court's order approving the sale of real property, we dismiss this portion of the appeal for lack of jurisdiction. A party seeking to appeal an order entered in a bankruptcy case must file a notice of appeal within 14 days of entry of the order from which he appeals. Fed. R. Bankr. P. 8002(a)(1). The timely filing of a notice of appeal pursuant to Rule 8002 is jurisdictional. *In re Berman-Smith*, 737 F.3d 997, 1002 (5th Cir 2013).

The bankruptcy court entered its order approving the sale of real property on October 26, 2016, and the appeal period expired on November 8, 2016. Although subject matter jurisdiction may be raised "at any time, including on direct appeal," *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998), because Appellants did not timely note an appeal from the sale order, this court does not have jurisdiction to review the propriety of that order, *see Berman-Smith*, 737 F.3d at 1003 ("the failure to file a timely notice of appeal . . . leaves the district court, and this court, without jurisdiction to hear the appeal"); *In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011) (holding that Rule 8002(a) is

jurisdictional and concluding that the untimely filing of an appeal to the district court "also bars [the court of appeals] from reviewing the merits of [the] appeal to [that court]").

Turning to Appellants' challenge to the dismissal of their bankruptcy appeal for failure to comply with the district court's order, we have reviewed the record submitted on appeal and the arguments of the parties and find no reversible error. Accordingly, we affirm the district court's order. *Myers v. Offit Kurman, P.A.*, No. 8:18-cv-02536-PX (D. Md. Nov. 12, 2020); *see Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (providing standard).

We grant Myers' motion for leave to file an informal brief, and we deny all remaining pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4