# United States Court of Appeals for the Fifth Circuit

─────────────

No. 23-20512
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2024

Lyle W. Cayce
Clerk

In the Matter of Jagannathan Mahadevan,

*Debtor*,

Jagannathan Mahadevan,

*Appellant*,

*versus*

Janet Northrup, *Trustee*,

*Appellee*.

─────────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2344

─────────────────────────────────

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Jagannathan Mahadevan contests the district court's dismissal of his appeal from the bankruptcy court's: July 5, 2022,

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

settlement order; and subsequent June 14, 2023, order denying relief under Federal Rule of Civil Procedure 60(b) (providing relief for, *inter alia*, "fraud . . . misrepresentation, or misconduct by an opposing party", and when "the judgment is void"). Before our court is both the instant appeal and Appellee's motion to dismiss the appeal and suspend briefing.[1]

Regarding the district court's dismissal of Mahadevan's appeal of the July 5, 2022, settlement order, Mahadevan filed his notice of appeal to the district court on June 20, 2023, nearly 11 months too late. *See* Fed. R. Bankr. P. 8002(a)(1). Accordingly, the district court, and our court, lack jurisdiction to review it. *See Smith v. Gartley* (*In re Berman-Smith*), 737 F.3d 997, 1003 (5th Cir. 2013) ("[W]e conclude that the time limit is jurisdictional.").

Regarding Mahadevan's appeal of the bankruptcy court's June 14, 2023, order denying Rule 60(b) relief, Mahadevan's notice of appeal failed to include the orders that were the subject of appeal. *See* Fed. R. Bankr. P. 8003(a)(3)(B) (requiring notice of appeal to "be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken"). We conclude that he fails to show the court abused its discretion in dismissing the appeal for failure to comply with Rule 8003. *See* Fed. R. Bankr. P. 8003(a)(2) ("[F]ailure to take any step . . . is ground only for the district court . . . to act as it considers appropriate, including dismissing the appeal.").

Additionally, Appellee asks us to sanction Mahadevan under Federal Rule of Civil Procedure 11. The bankruptcy court stated Mahadevan "has

---

[1] Appellee's motion was filed before the completion of briefing. With briefing now complete and the relief requested addressed in the instant appeal, this motion is DENIED as moot.

chosen to try and circumvent the process and create distractions." The district court warned Mahadevan "that continued meritless filings may expose him to sanctions." Nevertheless, neither court imposed monetary sanctions; nor do we.

DISMISSED.